Davies, J.
 

 The Revised Statutes require (2 R. S., 368, § 36) that the time and place of holding any sale of real estate pursuant to any execution, shall be publicly advertised previously for six weeks successively, as follows i 1. A written or printed notice thereof shall be fastened up in three public places in the town where such real estate shall be sold. 2. A copy of such notice shall be printed once in each week, in a news
 
 *152
 
 paper of such county if there be one. It is conceded that the formalities required by the first subdivision of this section have been complied with, and that the time and place of the sale, so far as prescribed by it, had been advertised for six weeks successively, previous to the day of sale. The notice was fastened up on Tuesday, the 26th of March, and continued so -fastened up until the day of sale, Wednesday May 8th. It was therefore, so far as the notice fastened up was concerned, publicly advertised for six weeks successively previous to the sale.
 

 The second subdivision, it will be observed, requires a publication in the newspaper, of a copy of the notice posted up; clearly therefore implying that the posting or fastening up is to precede the publication. It is a copy of the notice fastened up, which is to be printed once in each week in a newspaper of the county for six yeeks previous to the sale. There is no doubt that all the formalities of the first subdivision were strictly complied with, and the notice thus posted up was the original notice of sale. It is thus expressly declared by statute. It was put up at the right time, and continued up -for the right time. Ho law required it to be put up sooner. A copy of the notice thus fastened up is to be printed in a newspaper for six weeks, once in each week.. Gan it with truth be said, that the statute requires the copy to be printed, before the original is in existence ? It is a perversion of terms to say so. The original is first to be fastened up, and to be put up for the time prior to the sale required by statute, then the copy is to be printed in the newspaper. It is not correct to say that the copy of a notice, the original of which had no existence, until Tuesday, March 26th, should have been published in the newspaper of Saturday, March 23d. The copy could not be prepared for publication until the original had existence, and then it was printed in the first publication.thereafter, and printed once in each week for the six weeks successively intervening between the fastening up of the original notice and the day of sale. It seems to me that this is not only a strict compliance with the spirit of the provisions of the. statute, but with its letter also.
 

 The defendant relies on the authority of an anonymous case
 
 *153
 
 (1 Wend., 90). This seems to have been submitted to the judges of the Supreme Court by a commissioner for their advice, and decided without argument. The provision of the Revised Laws, to which the case referred, was that an insolvent seeking a discharge should cause an advertisement to be published for six weeks successively, specifying the time and place for his creditors to show cause why an assignment should not be made' by the insolvent, and he be discharged. It was stated to the judges of the Supreme Court in that case that it did not appear that full six weeks’ notice to the creditors had' been given. The affidavit of publication set forth that the advertisement or notice had been regularly published in the newspaper directed once in each week, for six weeks successively,' commencing on a certain day. Woodworth, J., said the proof of publication was undoubtedly defective. The affidavit might literally be true and yet only thirty days’ notice be given. The statute requires the advertisement or notice to the creditors to show cause to be published for six weeks successively ; that is, during forty-two days. The authority of this case has been greatly impaired by the decision of the Supreme Court of the seventh district in
 
 Sheldon
 
 v.
 
 Wright (7
 
 Barb., 39). In that case the provision of the statute under consideration, was that authorizing a surrogate to make an order, directing all persons interested in the estate of a deceased person to show cause, on á day to be named in such order, why so much of the real estate whereof such testator or intestate died seised, should not be sold as would be sufficient to pay his debts, and the statute further provided, that such order should immediately thereafter be published for four weeks successively, in two or more public newspapers printed in this State; (1 Rev. Laws, 450, § 23.) The order in that case was made on the 6th of September, 1826, requiring the cause to be shown before the surrogate on the 19th of October following. The order was published in the “ Free Press,” a newspaper printed in Auburn, Cayuga county, once in each week for four weeks successively, commencing on the 20th day of September, 1826, and in the “ Cayuga Patriot,” printed in the same place, once in
 
 *154
 
 each, week for the same number of weeks, commencing on the 27th of September, 1826. Welles, J., in delivering the opinion of the court, says: “I have no doubt whatever, that it is essential, in order to give the surrogate jurisdiction of the persons of the heirs, that this provision of the statute should be strictly complied with. It is the only process to bring them into court, and without it they are without their day in court. And I think that notice for the full time required by the statute is equally indispensable; that short notice would be as no notice. * * * * It is claimed that the notice so far as one of the papers was concerned (the Cayuga Patriot), was not published four weeks. That the first publication, which was on the 27th day of September, was less than'four weeks before the 19th day of October, when the parties were required to show cause, &c. This, as a matter of fact, will be seen upon a computation of time, to be true. But I do not understand the act to require the first of the four successive publications to be four weeks before the day of showing cause. The requirement is satisfied by four successive weekly publications before the day.” And such the learned justice says has been the practical construction of the provision of the insolvent laws, requiring notice to creditors to be published in one class of cases six weeks, and in another, ten weeks. The case was brought up on an appeal to this court, and the judgment below affirmed. (1 Seld., 497.) Foot, J., in delivering the opinion of this court, which was concurred-in by five other judges, says that he has no doubt that the decision of the surrogate was correct, in respect to the time and manner of publishing the order to show cause. It was in accordance with the language of the statute, and there does not appear to be any reason for a different construction. And he refers to the decision of the Supreme Court of Massachusetts, in the case of
 
 Bachelor
 
 v.
 
 Bachelor
 
 (1 Mass., 255), as directly in point, and says it appears to have been better considered, and to rest on sounder reason, than the adversary opinion of our own court in an anonymous case involving the same question. (1 Wend., 90,
 
 supra.)
 
 If the judgment of this court had turned upon this point, in the case of
 
 Sheldon
 
 
 *155
 
 v.
 
 Wright,
 
 it would have been an- authoritative decision of the case now under consideration. The case of
 
 Bachelor
 
 v.
 
 Bachelor (supra),
 
 would seem to be a case nearly in point. The order directed the notice to be published in a newspaper for three weeks successively. The notice was inserted in a paper published twice weekly. It Was first published in the paper issued Saturday, June 30th; secondly, Saturday, July 7th, and thirdly, Wednesday, July 11th. The court held that the- order had been substantially complied with. They said it was usual, however, to publish with an interval of, a week, but that it was not strictly necessary—the publication has been made in three successive weeks, which is sufficient. It would seem, therefore, that the weight of authority preponderates decidedly in favor of holding that the publication of the notice in the present case was sufficient. The positions contended for by the learned counsel for the defendant in this case would lead to this result, that the posted notice should have notified the sale for May 13th, thus requiring a notice by fastening up to be-a notice of forty-seven days, and the copy thereof printed in the paper on the 30th March, 6th, 13th, 20th and 27th of April, and the 4th and 11th of May, a published notice in the newspaper of forty-four days.
 

 • I do not think the statute is to be construed in a manner to lead to such results, but that its plain and literal import is to be followed. The notice is to be fastened up for six successive weeks previous to the sale, as was done in this case. A copy of the notice thus put up was to be published once .a week for six successive weeks, after such notice by posting had been given. This has also been done. - It follows that the judgment of the general term should be reversed, and that of the special term be affirmed.
 

 Wright, J., also delivered an opinion for affirmance, and Selden, Clerke and Welles, Js., concurred.