## SUPREME COURT.

EDWARD P. RICHARDSON agt. CHARLES E. BATES.

Where an *order of publication of the summons* is made for *six weeks,* once in each week, the *service is not complete* until the *expiration* of the six weeks, or forty-two days, although the publication be made *six times* in as many successive weeks, short of that period. That is, the plaintiff cannot enter judgment until *twenty days* after the expiration of six weeks or forty-two days, when the service is completed.

The city court of Brooklyn should entertain a motion to set aside a judgment *for irregularity,* although the judgment has been entered upon an *ex parte* application to that court.

*Second District General Term, Newburgh, Sept.* 1861.

EMOTT, BROWN and SCRUGHAM, *Justices.*

APPEAL from an order of the city court of Brooklyn denying a motion to set aside the judgment entered in this action.

GEORGE W. HOXIE, *for defendant, appellant.*

DILLAYE & RICHARDSON, *for plaintiff, respondent.*

By the court, SCRUGHAM, Justice. An order was made in this action for the service of the summons by publication, prescribing six weeks as the time for such publication ; and at the expiration of fifty-eight days from the first publication, judgment was entered against the defendant upon affidavits showing that the summons had been

Richardson agt. Bates.

published once in each week for six successive weeks, and that twenty days had expired since the last publication.

The right to proceed against a defendant by publication of summons, is derived from the statute alone, and its provisions must be strictly followed. Section 135 of the Code provides that the order shall direct the publication for such length of time as may be deemed reasonable, fixing the shortest period at six weeks, and directing that the publication shall be made not less frequently than once a week. Section 137 declares that the service shall be deemed complete at the expiration of the time prescribed for the order of publication. That time in this case was six weeks; and although publication was made six times in as many successive weeks in a period less than six weeks or forty-two days, the service of the summons did not become complete until that time had expired.

The defendant's time to answer did not begin to run until the service was complete; he then had twenty days; and as the judgment was entered before they expired, it was irregular.

The motion to vacate the judgment was denied by the city judge only because he supposed that he had no right to entertain it, and that an appeal was necessary, as the judgment had been entered after application to the court; but as such application was *ex parte*, and the judgment irregular, no appeal was necessary or proper, and he should have set aside the judgment on account of the irregularity.

The order appealed from must be reversed, with $10 costs.