# NEW YORK SUPERIOR COURT.

MOSES CHAMBERLAIN agt. JANE R. DEMPSEY, impleaded, &c.

.A notice, for the 28th Dec. 1861, of the sale of real estate situate in the city of New York, under a judgment in a foreclosure suit, published in a daily paper on the 9th and 12th, the 16th and 19th, and the 23d and 26th of that month, satisfies the rule (73) which requires the notice of sale to be published "for three weeks immediately previous to the time of sale, at least twice in each week."

Where, on the 27th of Dec. 1861, the defendant appealed from the judgment, and gave an undertaking, with sureties, in a form and for an amount requisite to stay plaintiff's proceedings, and the sureties were excepted to, and on examination were rejected, and an order was then made (Jan. 10th, 1862) giving ten days to furnish other sureties, and on the 25th of Jan. 1862, the appellant served a new undertaking with new sureties who made, *ex parte*, an affidavit in the form prescribed by § 341 of the Code, and a sale took place on the 27th of January, pursuant to the original notice thereof, and postponements thereof published in due form, the sale is regular.

The original sureties having been excepted to, and failing to justify, it was the duty of the appellant to furnish new sureties and procure their justification within the extended time; and not having done that, her appeal must be "regarded as if no undertaking had been given."

*Special Term, February* 8, 1862.
*Before* BOSWORTH, *Ch. Justice.*

THIS is an action for the foreclosure of a mortgage, in which a judgment of foreclosure and sale has been rendered, under which the mortgaged premises have been sold. The defendant Dempsey moves to set aside the sale for *irregularity*, mainly on two grounds, viz : that the notice of sale was not published the prescribed time, and that, at the time of the sale, the plaintiff's proceedings were stayed. The facts are stated in the opinion.

GEORGE R. THOMPSON, *for def't Dempsey.*
WM. M. ALLEN, *for plaintiff.*

BOSWORTH, Ch. Justice. The defendant Dempsey moves to vacate the sale of the mortgaged premises for irregularity ; alleging that the notice of sale was insufficient, and that the plaintiff's proceedings were stayed. The notice of sale, when first inserted, stated that the sale would be made on the 28th of December, 1861. It was published in two daily papers, viz : in one of them on the 9th and 12th, on the 16th and 19th, and on the 23d and 26th of December. This was a publication " for three weeks immediately previous to the time of sale, at least twice in each week," within the meaning of Rule 73, [51.] ( *Olcott* agt. *Robinson*, 21 *N. Y. R.*, 150 ; *Sheldon* agt. *Wright*, 1 *Seld.*, 497.) The sale was postponed from time to time, until the 27th of January, 1862, and the notice of sale and of such postponements was advertised in due form, up to the time of sale. The sale, therefore, is regular, unless the plaintiff's proceedings were stayed.

The defendant Dempsey appealed from the judgment on the 27th of December, 1861, and executed an undertaking, with sureties, in such form and amount as to comply with section 338 of the Code. On the 28th, the plaintiff excepted to the sufficiency of the sureties, and the defendant

gave notice of their justification for the 4th of January, 1862. The matter of the justification was continued from time to time, until the 15th of January, 1862, when the judge made an order declaring that the sureties were not sufficient, and were not approved, and " that the defendants have ten days from this date to furnish other or additional sureties, and in the meantime all proceedings on the part of the plaintiff on this judgment be stayed." On the 25th of January, 1862, the defendant filed a new undertaking executed by her and two new sureties, and served a copy thereof the same day, with an *ex parte* affidavit of each surety in the form prescribed by section 341, but did not then serve and has not since served any notice that the new sureties would justify.

The sureties in the first undertaking not having justified, the appeal is to be regarded as if no undertaking had been given, (*Code*, § 341,) except in so far as the order of Jan. 15th, 1862, produces a different result. If leave to furnish new sureties had not been given, there would not only have been no stay after the original sureties had been rejected, but the appeal would be treated as if no undertaking had been given, and there had not been a stay at any time. (*Code*, § 341.)

The plaintiff contends that the order of January 15th, 1862, could only be satisfied by the new sureties justifying within the ten days, on due notice thereof, and that this not having been done, *that order* is not complied with, and therefore the appellant is to be treated as if no undertaking had been given on the appeal. The defendant insists that the second undertaking, without any justification of the sureties therein, unless they are specially excepted to, complies with the order and operates as a stay.

The Code (§ 341) declares that (on the sureties being excepted to) " unless they or *other sureties justify* before a judge of the court below * * as prescribed by sections

195 and 196, within ten days thereafter, the appeal shall be regarded as if no undertaking had been given."

Sections 195 and 196 prescribe the mode of justifying bail to the action. The practice on justifying bail, (in contingencies not provided for by those sections,) as it existed prior to the Code, so far as it is consistent with the Code itself, is retained. (*Code*, § 469.) Sections 195 and 196 of the Code do not specify what shall be done, if a party is allowed to give other bail, on a failure of the first to justify, except that it requires a new undertaking. (§ 193.) There is no provision which in terms provides for excepting to new or " other bail."

*Graham's Practice*, (*p.* 187,) states that " the forms of proceeding adopted in adding bail, are the same as in the case of original bail, with this exception only, that they are required to justify without a new exception, (*Barnes*, 74,) and it is therefore necessary to insert in the notice of their having become bail, a notice, also, that they will justify."

*Gregory* agt. *Gurdon*, (*Barnes*, 74 ;) *Lewis Gadderer*, (5 *B. & Ald.*, 704 ; *S. C.*, 1 *D. & R.*, 350 ;) *Rex* agt. *Sheriff of Essex*, (5 *T. R.*, 633 ;) the cases in 1st *Chitty R.*, (*pp.* 6, 7, 8 ;) *Joyce* agt. *Pratt*, (6 *Bing.*, 377 ;) and *Jones* agt. *Vestris*, (3 *Bing. N. C.*, 676,) establish this to be the well settled practice. Section 341 of the Code seems to have enacted this rule of practice, by making it imperative, when sureties on appeal are excepted to, that " they or *other sureties* justify * * within ten days thereafter." The excepting to the original sureties makes it necessary that new or added sureties justify.

If the original bail fail to justify, new bail cannot be added as a matter of course, unless there be time enough remaining to serve notice of new bail and of their justifying.

When bail fail to justify, the permission granted is, to put in and justify other bail. The adverse party is not required to give but one notice of exception to the suffi-

ciency of bail; on that, he is entitled to have bail who justify on notice to him.

The order of the 15th of January, 1862, by giving ten days' time to furnish other sureties, allowed the party, within that time, to file a new undertaking, with sureties, and procure their justification according to the practice of the court. (*Code*, § 341.) The appellant had five days within which to file the undertaking and give notice of the new sureties and of their justification.

Not having availed herself of this privilege, she is in the condition of an appellant whose sureties have failed to justify on being excepted to, and is to be treated as if no undertaking had ever been given by her. There was no stay at the time of the sale, and she cannot allege that there was one at any time since the appeal was taken. The sale is, therefore, regular.

On the facts of this case, it cannot be said that the referee erred in not selling in parcels.

These views dispose of all questions presented by the motion. There is no allegation that the premises were sold for less than their value, or that any person would have made higher bids. If there had been, I should be inclined, on defendant's stipulating to bid a sum substantially larger, and giving reasonable security for performing the stipulation, to permit a re-sale. And the motion will be denied, with costs, but with liberty to the defendants to move for a re-sale, making a case showing surprise, and that justice requires and will be promoted by an order granting such relief.