The People ex rel. Samuel A. Hetfield, Appellant, *v.* The Trustees of the Village of Fort Edward, Respondents.

The provision of the act of 1867, authorizing the villages of Sandy Hill and Fort Edward to issue bonds to aid in the construction of a railroad (§ 5 chap. 953 laws of 1867), which requires that a notice of a special election by the taxable inhabitants of either of said villages, to be held for the purpose of voting upon the question of issuing bonds of the village, shall be published "for at least two weeks previous to the time appointed for such election," is not inconsistent with, and was not repealed by the amendatory act of 1868 (chap. 317 laws of 1868).

Said provision required that at least two weeks should intervene between the publication of the notice and the election.

Accordingly, *held,* when the first publication of the notice was upon April 24th, 1868, for a meeting held May 5th, 1868, that this was not a compliance with the statute, and that there was no valid election.

The provision of the act of 1868 (§ 1), providing that the taxable inhabitants "may at such meeting by a majority vote," decide as to raising a sum for the purposes of the act, required a majority of all the taxable inhabitants, not a majority of the votes cast.

Also *held,* if the meeting had been properly called and a majority vote duly received, the constitutional amendment which went into effect January 1, 1875, (art. 8, § 11), providing that no village, etc., shall "give any money or property or loan its money or credit" to any individual or corporation, prevented further action and rendered all prior proceedings null and void ; and that therefore a mandamus could not thereafter issue to compel the issuing of village bonds.

(Argued, May 22, 1877 ; decided, May 29, 1877.)

APPEAL from order of the General.Term of the Supreme Court in the third judicial department affirming an order of Special Term denying a motion for a peremptory mandamus.

The application was for a writ of peremptory mandamus directed to the trustees or commissioners of the village of Fort Edward, commanding them to issue and sell or deliver the bonds of said village for $20,000 in aid of the Glens Falls Railroad Company, which was claimed to have been authorized and required by chapter 953, laws of 1867, and chapter 317, laws of 1868.

The proceedings were originally commenced by Culver and Hetfield as assignees of said railroad company, the former having died the proceedings were revived and continued in the name of Mr. Hetfield.

At a meeting of the trustees of the village of Fort Edward held April 24th, 1868, a notice was directed to be published of a special election to be held May 5th, 1868, to determine as to the expediency of raising a sum of money for the aid of said railroad. The notice was published in a newspaper April 24th and May 1st, 1868. At the meeting held pursuant to said notice, a majority of the taxable inhabitants did not vote; a majority of those who did vote, voted in favor of raising $20,000 in aid of said railroad. Further facts appear in the opinion.

*Wm. A. Beach*, for the appellant. The remedy by mandamus was appropriate and justifiable. (*Buck* v. *City of Lockport*, 6 Lans., 251; *McCullogh* v. *Major*, 23 Wend., 458; *People ex rel.* v. *Taylor*, 30 How., 78; *People* v. *Steele*, 2 Barb., 397; *People* v. *Mead*, 24 N. Y., 114; High's Ex. Rem., 274; *People* v. *Brooklyn*, 22 Barb., 404; *Green* v. *Common Council*, 59 How., 491, 501; *Clark* v. *Miller*, 47 Barb., 38; *People* v. *Common Council*, 20 How., 501; *People* v. *Batchellor*, 53 N. Y., 128.) The acts under which the proceedings were had were constitutional. (*Town of Queensbury* v. *Culver*, 19 Wal., 83; *Town of Duanesburgh* v. *Jenkins*, 57 N. Y., 197; *Douglass* v. *Town of Chatham*, 41

Conn., 211; *Litchfield* v. *Vernon*, 41 N. Y., 123; *Town of Guilford* v. *Supervisors*, 13 id., 143; *People* v. *Major, etc.*, 4 id., 419; *Brewster* v. *City of Syracuse*, 19 id., 116; *People* v. *Batchellor*, 53 id., 143–4; *Thomas* v. *Leland*, 24 Wend., 65.) The notice of the election was sufficiently published. (*Sheldon* v. *Wright*, 7 Barb., 39; 5 N. Y., 497; *Olcott* v. *Robinson*, 21 id., 150; *Chamberlain* v. *Dempsey*, 22 How., 356.) A majority of the voters who participated in the election constituted, under the act, a majority of "the taxable inhabitants." (Brightly on Elections, 133, 299; *St. Joseph's Township* v. *Rogers*, 16 Wal., 664; *In re Pioneer Paper Co.*, 36 How., 109.)

*Francis Kernan*, for the respondent. Mandamus was not the proper remedy. (*People ex rel.* v. *Thompson*, 25 Barb., 73; *People ex rel.* v. *Hawkins*, 46 N. Y., 9; *ex parte Lynch*, 2 Hill, 45; *People* v. *Pres't, etc., Brooklyn*, 1 Wend., 318; 3 Bl. Com., 110; 5 Wait's Pr., 550; 11 N. Y., 568, 574; 2 J. Cas. [2d ed.], 217, 5 note; *People ex rel.* v. *Supervisors of Chenango*, 1 Kern., 563; *People* v. *Supervisors of Richmond*, 21 How., 335; *People* v. *Supervisors of Greene*, 12 Barb., 217; *People* v. *Croton Aq. Board*, 26 id., 240; *People* v. *Green, Compt'r*, 8 Alb. L. J., 286; *People* v. *Canal Board*, 13 Barb., 444.) Although the acts and the proceedings are regular, yet the trustees were not bound, under the acts, to issue the bonds and borrow the money. (Laws of 1867, chap. 953, §§ 2, 5; *People ex rel.* v. *Batchellor*, 53 N. Y., 128, 138.) There was no legal or sufficient notice of the meeting of the taxable inhabitants, as required by the statutes. (Laws of 1867, chap. 953, § 5; Laws of 1868, chap. 317, §§ 1, 3; *Bunce* v. *Reed*, 16 Barb., 347; *People* v. *Yates*, 1 Wend., 90; *Olcott* v. *Robinson*, 21 N. Y., 150; 2 Edms. Stats., 565, § 3; *Jackson* v. *Van Valkenburgh*, 8 Cow., 260; *Underwood* v. *Irving*, 3 id., 59; *Jackson* v. *Clark*, 7 J. R., 217; *Corwin* v. *Merritt*, 3 Barb., 341; *Runkendorf* v. *Taylor*, 4 Pet., 349; *Small* v. *Edrick*, 5 Wend., 137.) A majority of the taxable inhabitants did not vote for the tax, or to issue

the bonds.    (Laws of 1868, chap. 317, §§ 1, 2; *People ex rel.* v. *Spencer*, 55 N. Y., 1; *People ex rel.* v. *Smith*, id., 135.) The statute is in derogation of the rights of the citizen and of the common law.    (*Sharp* v. *Spier*, 4 Hill, 76, 84, 99, 100; *Atkins* v. *Kinnan*, 20 Wend., 241; *Jackson* v. *Esty*, 7 id., 148; *Kenedy* v. *Newman*, 1 Sandf., 187; *Williams* v. *Peyton*, 4 Wheat., 77; *Runkendorf* v. *Taylor*, 4 Pet., 349; *Brady Mayor*, etc., 2 Bosw., 173; 20 id., 312; *Swift* v. *Winsburgh*, 24 Barb., 427; *Starin* v. *Town of Genoa*, 23 N. Y., 439; *Gould* v. *Town of Sterling*, 17 id., 456.)    The application for a mandamus was made too late.    (12 Barb., 446; 2 Wend., 256; 2 J. Cas., 217, 14 note.)    The statutes under which these proceedings were had (chap. 953, Laws 1867, and chap. 317, Laws of 1868), were invalid and unconstitutional.    (Const. 1846, art. 3, § 1; *Calder* v. *Bull*, 3 Dal., 386; *Denay* v. *Mattoon*, 2 Al., 361; *De Chastellux* v. *Fairchild*, 15 Penn., 18; *State* v. *Fleming*, 7 Humph., 152; *Wynshamer* v. *People*, 13 N. Y., 390, 391; *Taylor* v. *Porter*, 4 Hill, 144; *Wilkinson* v. *Leland*, 2 Pet., 657; *Bradshaw* v. *Rogers*, 20 J. R., 103; *Norman* v. *Heist*, 5 W. & S., 193; *Sharptus* v. *Mayor*, etc., 21 Penn., 167; *People ex rel.* v. *Salem*, 9 Am. L. J., 487; *Allen* v. *Inhab'ts of Jay*, 12 Am. L. Reg. [N. S.], 481; *People* v. *Batchellor*, 53 N. Y., 128; A. & A. on Corps., §§ 30–36; *Bank of U. S.* v. *Planters' Bank of Ga.*, 9 Wheat., 904; *Bonaparte* v. *C. & A. R. R. Co.*, 1 Bald., 222; *State Bank of Ohio* v. *Knoop*, 16 How., 380, 381; *Prot. Soc.* v. *Auburn*, etc., *R. R. Co.*, 3 Hill, 567–570; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 97– 104; *Sweet* v. *Hulbert*, 51 Barb., 312.)

ANDREWS, J.    The mandamus was properly refused for several reasons :

First. The power of the commissioners appointed by the act, chapter 953 of the Laws of 1867, to borrow money and to issue the bonds of the village of Fort Edward, in aid of the construction of the railroad mentioned in the act, was made by the fifth section to depend upon the affirmative vote of

the taxable electors of the village, at an election to be held at a time and place to be designated by the board of trustees, notice of which, the section declares, "shall be published in a public newspaper of the village for at least two weeks previous to the time appointed for such election."

The act, chapter 317 of the Laws of 1868, amended the act chapter 32 of the Laws of the same year, which amended the act of 1867, by providing that the trustees might, at any time previous to June 1, 1868, call a meeting of the taxable inhabitants of the village, by publishing the same in all the newspapers published in the village, to decide the question as to raising a sum not exceeding $20,000 for the purposes of the act. The third section of the act, by express language, applies to the village of Fort Edward all the provisions of the act of 1867 not inconsistent with the amended act. The provision in the act of 1867 prescribing the time for which the notice of the election should be published was not inconsistent with the act of 1868. The latter act provided for giving greater publicity to the proceeding by requiring that the notice should be published in all the newspapers in the village. It did not affect the requirement of the former act that notice should be published "for at least two weeks" prior to the election. The election was held May 5, 1868, and the first publication of the notice was April 24, 1868. This was not a compliance with the statute. The plain meaning is that at least two weeks should intervene between the publication of the notice and the election. The statute is not satisfied by a publication in two successive weeks before the election, and the construction which has been given to statutes requiring notice of legal proceedings to be published a certain number of weeks successively before a sale or other event is not applicable to the statute in question. (*Olcott* v. *Robinson*, 21 N. Y., 150.) There was, therefore, no valid election under the act.

Second. Assuming that due notice of the election was published, the requisite vote was not given in favor of the project. The first section of the act of 1868 declares that

the " taxable inhabitants of said village may at such meeting, by a majority vote, decide to raise a sum not exceeding $20,000 for the purposes provided in the act." The second section provides that " in case a majority of said taxable inhabitants shall vote to raise such sum for said purpose " the trustees shall be commissioners, etc. It is admitted that the voters who voted at the election in favor of raising the money did not constitute a majority of the taxable inhabitants of the village. The statute did not authorize a minority of the taxpayers to determine the question whether a debt should be created under the act. Before this could be done there must have been an affirmative vote of a majority of the taxable inhabitants. The law is plain and any other construction would involve a departure from the uniform principle governing our legislation on the subject of municipal aid to railroad enterprizes, that a majority of the taxpayers must have consented thereto.

Third. The constitutional amendment which took effect January 1, 1875, providing that " no county, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation," is a decisive answer to the application for a mandamus. There was no contract existing between the Glens Falls and Fort Edward Railroad Company and the village of Fort Edward, that the latter should give or advance to the company any sum whatever. If when the constitutional amendment took effect the vote had been duly taken and the requisite vote of the majority of the taxable inhabitants to the raising of the money had been secured, the constitutional amendment prevented further action, and rendered the prior proceedings null and void. The authority to create the debt was taken away, and no power existed to borrow money or to issue the bonds of the village, for the purposes of the act of 1867. This question has been recently considered and decided in this court in the case of *The Buffalo & Jamestown R. R. Co.* v. *Weeks* (69 N. Y., 4ʊ1).

For these reasons, without considering other questions raised, the order should be affirmed.

All concur.

Order affirmed.