## DANIEL W. CULVER

### *v.*

## ALMENA M. CULVER, administratrix.

1. Complainant filed a bill for an account under an agreement made in 1868 with I. B. C., to pay him one-eighth of the profits realized by I. B. C. in a certain contract by I. B. C. and S. H. to build a railroad. The road was finished in 1869, and I. B. C. and S. H. made their final settlement in 1874, although litigation as to part of their compensation was not ended until 1877. Complainant's bill was filed in November, 1877. In June, 1875, I. B. C. paid complainant $175 on account of his share of the profits.—*Held*, that the right to an account was not barred by the statute of limitations, because it did not begin to run until 1874, the date of the final settlement between I. B. C. and S. H., and the bill was filed within six years from that time; and, also, because of the payment by I. B. C. to complainant in 1875.

2. Secondary evidence of the contents of a written instrument, although not strictly competent at the time when offered,—*Held*, to have been rendered so in this case, under the circumstances, by a subsequent admission of counsel that the original was lost or destroyed.

Bill for account.  On final hearing on pleadings and proofs.

*Messrs. Culver & Herbert,* for complainant.

*Mr. Peter Bentley,* for defendant Almena M. Culver, administratrix.

THE CHANCELLOR.

The complainant claims to be entitled, under an agreement made February 29th, 1868, between him and his brother, Isaac B. Culver, deceased, to one-eighth of the profits of a contract, dated February 3d, 1868, made by Isaac B. Culver and Samuel A. Hetfield with two railroad corporations, for the building of a railroad from Glen's Falls to Fort Edward, in New York.  Culver and Hetfield were equally interested in the contract.  The railroad was finished in the summer of 1869.  There appear to have been considerable profits from the contract.  The bill is filed for an account of the profits, and a decree requiring the administratrix of Isaac B. Culver to pay to the complainant the amount which shall appear on the accounting to be coming to him under the agreement.  Though the road was completed in the summer of 1869, there was no final settlement between the contractors until 1874.  Indeed, it appears that it was not until after that time, and as late as 1877, that the last of the litigations which were necessary for the collection of some of the securities received as compensation under the contract, was ended.  Those litigations appear to have been *Town of Queensbury* v. *Culver, 19 Wall. 83,* decided in 1873, and *People ex. rel. Hetfield* v. *Trustees of Village of Fort Edward, 70 N. Y. 28,* decided at May term, 1877, of the New York court of appeals.  In November, 1875, Isaac B. Culver died.  He paid for the complainant, and at his request, on account of the money coming to him under the agreement, on the 1st of June of that year, $175. In August following, he admitted to Delos E. Culver, their

brother, that there were about $3,500 due to the complainant on the contract, and said that he would furnish him money with which to go into business on account of it.

The administratrix of Isaac B. Culver has answered. Hetfield has not. The plea of the statute of limitations is set up in the answer. Clearly, the complainant is· not barred by that statute. In the first place, the bill was filed on the 2d of November, 1877. Though, as before stated, the road was completed in the summer of 1869, there was no final settlement between Isaac B. Culver and Hetfield, his co-contractor, until 1874; and, besides, it appears that it must have been impossible to determine what were the profits until a still later period, until the termination of the last of the litigations before referred to. The general rule is that the cause of action or suit arises when and as soon as the party has a right to apply to the proper tribunals for relief.

In *Davies* v. *Cram, 4 Sandf. 355,* the suit being for contribution for a loss on a venture of cotton sent to France, it was held that the statute did not begin to run until the complainant received the account of sales from France.

In *Atwater* v. *Fowler, 1 Edw. 417,* it was held that no delay was imputable to the complainant (the suit was for an account) in not calling for an account until the defendant was in a situation to render him a final one upon the close of the transaction.

In this case, it does not appear that the complainant would have been entitled to an account from Isaac B. Culver before the final settlement of the latter with Hetfield in 1874; and it does not appear that he would have been entitled to it even then, for the validity of some of the securities received in payment under the contract was then questioned. In the next place, Isaac B. Culver, as before stated, in June, 1875, a few months before his death, paid $175 for the complainant, at the latter's request, on acconnt of the money due him under the agreement.

Proof of the contract was made by an examined copy in the examination of Hetfield, who was the first witness sworn

Culver v. Culver.

in the cause.  It did not appear in the case, until after his testimony was closed, that the contract itself was lost or destroyed.  The counsel of the administratrix objects that the secondary evidence was not competent at the time when it was offered, though it would, of course, have been so after the admission of counsel, which was subsequently made, that the contract was lost or destroyed, and could not be produced.  The copy became competent evidence of the contents of the contract as soon as the admission was made.  The admission does not appear to be accompanied by any reservation of the right to object to the secondary evidence already in the cause, but seems rather to have been intended to remove any such objection by rendering unnecessary any proof of loss.  It refers to no particular period of time since which it has been impossible to produce the contract, but is unqualified, and must, in fairness, be held to have relation back to the time when the secondary evidence was offered.  But, further, the evidence to which objection is made was not offered to prove the contents of the contract, but merely the fact of its existence in connection with the question whether, under it, profits were, in fact, realized by the contractors; and such proof was competent.

The counsel of the administratrix insists, on another ground, that no decree for an account can be made against her, viz., because it does not appear that the complainant is even now entitled to it, inasmuch as it does not appear that she can now render a final account, and so ascertain the profits.  But she, by the answer, admits that all the compensation has been received with the exception of the amount of the bonds of the village of Fort Edward ($20,000), which Hetfield, as survivor, was endeavoring, by legal proceedings, to collect.  And she does not set up the objection now under consideration.  Besides, it may be remarked, it appears by the report of the case (cited above) that that litigation ended unfavorably to the plaintiff therein.  The complainant seems to have performed his part of the contract.  He is entitled to an account.