THE MARKET NATIONAL BANK, OF NEW YORK, appellant, *v.* THE PACIFIC NATIONAL BANK OF BOSTON, MASSACHUSETTS, Respondent.

Under the provisions of the Code of Civil Procedure in reference to service of summons by publication (§§ 440, 441, 787), such service is not complete until the expiration of at least six full weeks from the time of the first publication, or, when service is made out of the State, until the expiration of that period after such service.

Where, therefore, after the granting of an order of publication, summons was served on defendant out of the State on November 25, 1881, and judgment by default was entered January 20, 1882, *held*, that the judgment was premature ; and that an order setting it aside was properly granted.

(Argued May 30, 1882; decided June 13, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made at the March term, 1882, which reversed an order of Special Term denying a motion to vacate and set aside a judgment by default herein, and which granted said motion.

The material facts are stated in the opinion.

*Abram Wakeman* for appellant.   Under section 441 of the Code of Civil Procedure a service of summons by publication is complete after six insertions in six successive weeks, although less than forty-two days intervened.   (Code Cr. Proc., §§ 440, 441 ; Code Proc., § 137 ; *Sheldon* v. *Wright,* 7 Barb. 40, 46 ; 5 N. Y. 497, 517 ; 21 id. 150 ; *Chamberlain* v. *Dempsy,* 13 Abb. Pr. 421; *Wood* v. *Terry,* 4 Lans. 80; *Steinle* v. *Bell,* 12 Abb. Pr. [N. S.] 172, 174.)

*John T. McDonough* for respondent.   The order of the General Term vacating the order of the Special Term is not appealable to this court.   (*Foote* v. *Lathrop,* 41 N. Y. 359 ; *Koch* v. *Werder,* 24 Alb. L. J. 453 ; *Beards* v. *Wheeler,* 76 N. Y. 213; *Dinsmore* v. *Adams,* 66 id. 618.)   Under the provisions of section 5242 of the United States Revised Statutes, an attachment issued against a National bank which is insolvent or about to become so, is void.   (*Robinson* v. *Bank of Newbern,* 81 N. Y. 385 ; *Chesapeake Bk.* v. *First Nat. Bk.,* 40 Ind. 269 ; *Nat. Bk.* v. *Colby,* 21 Wall. 609 ; *Harvey* v. *Allen,* 16 Blatch. 29 ; *Casey* v. *Adams,* 102 Otto, 66 ; *Crocker* v. *Marine Bk.,* 101 Mass. 240 ; *Bk. of Bethel* v. *Pahquiogue,* 14 Wall. 383; *Coddle* v. *Tracy,* 11 Blatchf. 101; Code of Civil Proc., § 1217.)   The time of the defendant to answer had not expired, and consequently the entry of the judgment was irregular.   (*Brooklyn Trust Co.* v. *Bidmer,* 49 N. Y. 84.) Service was not complete until the expiration of forty-two days.   (*Tomlinson* v. *Van Vechten,* 6 How. Pr. 199 ; *Brod* v. *Heyman,* 3 Abb. [N. S.] 396 ; *Richardson* v. *Bates,* 23 How. Pr. 516; New Code, §§ 440, 441, 787 ; Old Code, §§ 135, 137 ; Note to § 441 [Throop's ed.] ; *Steinle* v. *Bell,* 12 Abb. Pr. [N. S.] 171; *Rorkenderf* v. *Taylor,* 4 Peter, 349 ; *Howard* v. *Hatch,* 29 Barb. 297, 301.)

MILLER, J.   There was an order of publication in this case, which was commenced by attachment.   The summons and complaint were served on the defendant, who was a non resident, out of the State, on the 25th of November, 1881, and judgment was entered on the 20th of January following.   A

motion was made at Special Term to vacate the judgment which was denied and upon appeal the General Term reversed the order and vacated and set aside the judgment.

Under the provisions of the old Code, section 135, it is declared that, " * * * the order must direct the publication to be made in two newspapers * * * for such length of time as may be deemed reasonable — not less than once a week for six weeks. * * * · When publication is ordered, personal service of a copy of the summons and complaint out of the State is equivalent to publication and deposit in the post-office." It is further provided by section 137, that, "the service of the summons shall be deemed complete at the expiration of the time prescribed by the order of publication."

There has been some conflict in the decisions in regard to the construction to be given to the language of the statute or to words of a similar import in other statutes. (*Sheldon* v. *Wright,* 7 Barb. 40 ; affirmed on appeal, 5 N. Y. 497, 517 ; *Bunce* v. *Reed,* 16 Barb. 347 ; *Olcott* v. *Robinson,* 20 id. 148 ; reversed on appeal, 21 N. Y. 150 ; *Richardson* v. *Bates,* 23 How. Pr. 516 ; · *Chamberlain* v. *Dempsey,* 13 Abb. Pr. 421 ; *Brod* v. *Heymann,* 3 Abb. Pr. [N. S.] 396 ; *Wood* v. *Terry,* 4 Lans. 80 ; *Wood* v. *Morehouse,* 45 N. Y. 369.) The cases of *Wood* v. *Morehouse* and *Olcott* v. *Robinson* decided in this court uphold the doctrine that upon a sale of real estate under an execution, the publication for six weeks successively before the day of sale is within the statute to which it relates although the full period of forty-two days has not expired since the first publication. It is no doubt the rule under the old Code that where the summons was served personally, without the State, the service was not complete until the time for publication had expired, and the defendant had twenty days thereafter to answer (*Brooklyn Trust Co.* v. *Bulmer,* 49 N. Y. 84), but the precise question has never been decided in this court when the time expires, when the service has been made by publication. The two cases last above cited relate to the sale of real property where there is no provision fixing the time when the service shall be complete as provided by section 137

(*supra*).   It will also be noticed that some of the cases cited clearly uphold the rule that when the order directs the publication of a summons once in each week for six weeks, the time is not complete until the expiration of forty-two days.   (See *Brod* v. *Heymann*, 3 Abb. [N. S.] 396; *Richardson* v. *Bates*, 23 How. Pr. 516.)

The provisions of the new Code are more definite and specific, and the question as to their construction is an open one.   Section 440 provides for publication for a *specified time*, not less than once a week for six successive weeks.   The number of weeks is specified and not the number of times.   Section 441 declares that the time shall be complete upon the day of the last publication, and section 787 that the period of publication must be computed so as to include the day which completes the *full period* of *publication*.   It will be perceived that the publication must be made for a specified period of time, and when the statute provides for six weeks it is obvious that this period will not elapse prior to its expiration.   It does not provide for a publication six times within six weeks, but for a time not less than once a week for six successive weeks.   The publication evidently means rather more than printing the notice.   Its object is to give notice by means of the newspapers, and it cannot be claimed that such notice is given for six weeks before that time expires.   Looking at the various provisions referred to, it is a reasonable construction that the law intended a full six weeks' publication and not six times in six different weeks.   If it were otherwise the time would vary and lead to confusion, and the defendant might not at all times know when it would expire as the summons need not be published on the same day in each week.   (*Steinle* v. *Bell*, 12 Abb. Pr. [N. S.] 171.)

In cases where service of process is made by publication it is of no little importance that the time of its expiration should be fixed and certain, and we think that such was the intention of the provisions cited in reference to such service.

The order should be affirmed.

All concur, except FINCH and TRACY, JJ., absent.

Order affirmed.