In the Matter of the Application of FRANK J. McCABE, Petitioner, for an Order against JOHN R. VOORHIS and Others, as and Constituting the Board of Elections of the City of New York, Respondents.

Supreme Court, New York County, October 16, 1925.

Municipal corporations — city home rule — petition for order restraining board of elections of city of New York from submitting local law for approval at general election had on November 3, 1925, pursuant to City Home Rule Law, § 15 — said statute provides that local law " shall be submitted * * * not less than sixty days after adoption thereof " — said provision is mandatory — election on November third will occur forty-five days after adoption of local law — petition granted.

Section 15 of the City Home Rule Law (Laws of 1924, chap. 363, as amd. by Laws of 1925, chap. 397), providing that a " local law shall be submitted to the approval of the electors * * * at the next general election * * * held not less than sixty days after the adoption thereof " by the municipal assembly, is mandatory.

Accordingly, petitioner herein is entitled to an order restraining the board of elections of the city of New York from submitting for the approval of the electors in that city at the general election to be had on November 3, 1925, a certain local law which was passed by the municipal assembly of the city of New York on the 9th day of September, 1925, for submission at the general election to be held on November 3, 1925, an interval of forty-five days after the adoption thereof, since its submission within a time less than the period fixed by statute is improper and invalid.

The fact that the local law is possessed of great merit and is the subject of great popular interest does not justify the court in overriding the mandate of the statute in order to permit its submission.

PETITION for an order against the board of elections of the city of New York to prevent submission of local law for approval at next general election.

*Louis Marshall,* for the petitioner.

*Russell P. Tarbox, Assistant Corporation Counsel (John Godfrey Saxe, amicus curiæ),* for the respondents.

PROSKAUER, J.   On September 9, 1925, the municipal assembly of the city of New York passed and on September seventeenth the mayor approved Local Law No. 16.   The board of elections proposes to place upon the ballot at the next general election, to be held on November 3, 1925, the question whether this local law shall be approved and become operative pursuant to the provisions of section 15 of the City Home Rule Law (Laws of 1924, chap. 363, as amd. by Laws of 1925, chap. 397).

So far as here material that section provides that " a local law shall be submitted for the approval of the electors   *   *   *   at the next general election in such city held not less than sixty days after the adoption thereof."   The election on November third will occur but forty-five days after such adoption.   The petitioner seeks an order forbidding this submission.   He claims that section 15 is mandatory that submission to the voters can be had only if the stated interval has elapsed.

Section 15 plainly specifies " the next general election   *   *   * held not less than sixty days after the adoption thereof."

The considerations urged by the corporation counsel that the local law is possessed of great merit and is the subject of great popular interest cannot justify the court in over-riding this statutory mandate.   The Legislature has determined that there shall be a period of at least sixty days for the consideration and discussion of a proposed local law after the municipal assembly has adopted it.   It has explicitly declared what constitutes a proper interval for such discussion.   I cannot substitute for its determina-

tion a judicial finding of what might constitute a reasonable interval. There is no warrant in reason or authority for such usurpation by a court of the right and duty of the Legislature.

Section 15 is not merely directory, but mandatory. It states that the local law " *shall* " be submitted at a general election held " *not less than sixty days* after the adoption thereof." Neither its phraseology nor its substance sustains the suggestion that " sixty days " means not " sixty days," but such time as a court of equity may fix as reasonable.

In *People ex rel. Hetfield* v. *Trustees* (70 N. Y. 28) the statute provided that notice of a special election for the purpose of voting upon the question of issuing bonds of the village should be published " for at least two weeks previous to the time appointed for such election;" the notice was in fact printed during the two weeks prior to the election, but there was not a full interval of two weeks. ANDREWS, J., writing for a unanimous Court of Appeals, said (at p. 32): " The election was held May 5, 1868, and the first publication of the notice was April 24, 1868. This was not a compliance with the statute. The plain meaning is that at least two weeks should intervene between the publication of the notice and the election. * * * There was, therefore, no valid election under the act."

In construing similar language in a statute, ANDREWS, Ch. J., writes for a unanimous Court of Appeals in *Karst* v. *Gane* (136 N. Y. 316, 321): " But in recent times courts are less disposed than formerly to depart from or qualify the plain words of a statute in favor of what is termed an equitable construction, in order to take particular cases out of its operation upon some supposed view of policy not indicated in the act itself."

In *Matter of Darling* (121 App. Div. 656) the relator Darling filed a defective certificate of nomination. After the time limited by statute for the filing of certificates had expired, he applied for an order to be permitted to file *nunc pro tunc* a corrected certificate. The Appellate Division in this department denied his application, SCOTT, J., writing (pp. 657, 658): " Section 59 of the Election Law provides the time for filing certificates of nomination * * *. It has been held that these provisions of the statute are mandatory and that the election officers are not authorized to accept a certificate of election filed after the date limited by the statute."

In affirming, the Court of Appeals (189 N. Y. 570) wrote *Per Curiam* (p. 571): " Though we regard the statutory requirement as to the time when certificates of nomination should be filed as mandatory, a majority of the court are of the opinion that there may occur accidents and mistakes, causing delay in such filing,

from the effects of which the Supreme Court in either branch may, under section 56 of the Election Law, relieve."

In *Matter of Neary* v. *Voorhis* (207 App. Div. 419, 422) Mr. Justice McAvoy writes: " The scheme of the Election Law is mandatory in respect of time limitations for the filing of the various certificates therein provided for, and unless there is shown some excusable inadvertence, mistake or default, which in the discretion of the court may be relieved by directing acceptance of a certificate which has not been filed in time, but which certificate was prepared and under course of being filed within the period limited, the legislative rule of time for declinations must be followed."

This last opinion suggests the only conditions under which a court is ever justified in departing from unequivocal requirements of an election statute. After an election has been held (or rarely before), where every substantive right of the elector has been safeguarded and where great public injury would result from voiding an election, the courts, in the public interest to prevent the breakdown of governmental machinery, have sometimes sustained the validity of elections despite failure to comply with some specific prerequisite of the law. But no authority is cited for the proposition that in advance of an election and in the absence of such an emergency, election officials may, either with or without the aid of a court, disregard the condition precedent fixed by statute. The court cannot permit this question to be submitted after an interval of forty-five days, when the statute says there must be an interval of sixty days.

The petitioner also contends that the municipal assembly had no power to adopt the proposed local law because it is not embraced within the category of powers given to the municipal assembly by the Home Rule Amendment (State Const. art. 12, § 3) and the City Home Rule Law (Laws of 1924, chap. 363, as amd. by Laws of 1925, chap. 397). A brief study of this question has convinced me that it cannot be adequately considered or determined in the short space of time in which this opinion must be written, if sufficient opportunity is to be given for the timely review on appeal of the conclusions here reached.

I rest the decision of the motion, therefore, upon the grounds heretofore stated.

Motion granted.   Settle order on one day's notice.