WILLIAM W. WOOD, Respondent, *v.* CHARLES L. KNAPP, Appellant.

As the comptroller's deed, on sale of non-resident lands for taxes, is made by statute (§ 65, chap. 427, Laws of 1855) presumptive evidence of the regularity of all proceedings necessary to authorize him to make the sale and give the deed, the burden of proof is upon the party questioning the title of the grantee of showing by affirmative evidence that in the proceedings under which the sale was made some material requirement of the statute has not been complied with or has been defectively performed.

A return by a town collector or county treasurer of unpaid taxes on lands of non-residents is not evidence of the contents of the assessment-roll ; and so, is insufficient to establish an alleged invalidity in the assessment.

It is not essential that in the list of lands chargeable with the payment of taxes and interest transmitted by the comptroller to the county treasurer, it should be stated that the lands are so charged. A statement in the list that the lands are liable to be sold for the taxes therein referred to and that

they will be sold for such taxes and interest is a sufficient compliance with the statute (§ 34).

In an action of trespass where the question was as to the validity of a title under a comptroller's deed the proof of publication in the State paper of notice of sale to take place November 12, 1866, showed that it was published " once in each week for ten weeks successively, commencing on the 20th of July, 1866, and ending 21st September, 1866." *Held*, the proof sufficiently showed publication for the " space of ten weeks " as required by the statute (see Code of Civ. Pro., § 425); that a publication on the first day of the tenth week covered the whole week.

Where a weekly publication of a notice is required, it is not necessary to show publication on the same day of each week; it is sufficient if made on any day of each week for the requisite number of weeks.

It was claimed that the return of the town collector to the county treasurer of unpaid taxes for the year in question was defective, in that it did not show the amount of tax on the land sold. To prove the return a paper purporting to be a copy of said return which was obtained from the comptroller was produced in evidence; it was accompanied by two certificates of the deputy comptroller, neither of which stated that the paper was a copy of the whole original, but in substance that it was a correct copy of all contained in the original, relating to the land in question. *Held*, that the evidence was insufficient.

It is not the province of the deputy comptroller to certify as to what is, or what is not material to a question pending in a legal tribunal; he has power to certify to the correctness of copies of official papers in the comptroller's office so as to make them evidence, but beyond that his certificate has no effect.

(Argued June 19, 1885; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 21, 1882, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*L. L. Shedden* for appellant. There was no legal assessment of the lands. (*Matter of Rector, etc.*, 61 How. 315; *Brayley* v. *Seaman*, 30 Cal. 610; *People* v. *Saving Union*, 31 id. 132; *Lawrence* v. *Fost*, 20 Ill. 338; *Wood* v. *Freeman*, 1 Wall. 398.) The comptroller had no authority to sell until the tax and the

interest thereon had remained unpaid for two years. (Laws of 1855, chap. 427, § 33.) If the account of the collector for the year 1858 is a true transcript of the original roll, as the law requires it to be, then the tax and fee must have been added by the board of supervisors. This the statute in explicit language prohibits. It was, therefore, a substantial error and rendered it void.' (1 R. S. [5th ed.] 915, § 39.) The comptroller has no power to sell lands for non-payment of taxes, when there is any material error or defect in the proceedings. (*Tallman* v. *White*, 2 N. Y. 67; *Johnson* v. *Edwards*, 53 id. 431.) The court cannot indulge in a doubtful inference to sustain the proceedings. (*Brown* v. *Eastman*, 50 Barb. 639; *Sharp* v. *Sharp*, 4 Hill, 76.) The proceeding to deprive a citizen of title to his property without his consent, by sale for taxes, is in derogation of common-law right and must be strictly construed. (*Doughty* v. *Hope*, 1 N. Y. 79; *Rathbun* v. *Acker*, 18 Barb. 393; *Hoyt* v. *Dillon*, 19 id. 649.) Any irregularity in the proceeding will overthrow the presumption of validity of the deed. (*Johnson* v. *Edwards*, 53 N. Y. 431; *Bonner* v. *Eastman*, 50 Barb. 639.)

*S. A. Kellogg* for respondent. By statute the comptroller's deed to plaintiff's ancestors is made " presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of the land," were regular and in accordance with law. (*Coleman* v. *Shattuck*, 62 N. Y. 358.) The return of the collector to the treasurer of the " account of taxes so remaining due " does not require him to follow the exact form upon the assessment-roll, a substantial compliance is all that is necessary. (*Overing* v. *Foote*, 43 N. Y. 290.) The statute does not provide for any statement in the affidavit of the collector that the lands were non-resident. (*N. Y. & H. R. R. Co.* v. *Lyon*, 16 Barb. 656; R. S., chap. 3, art. 2, part 1, tit. 2.) It is for assessors to determine what lands are resident and what are non-resident, and in this they act judicially, and their assessment-roll, when finally completed, stands as a judgment. (*B. & S. L. R. R. Co.* v. *Supervisors*, 48 N. Y. 99,

105; *Barhyte* v. *Shepard*, 37 id. 511.) It was proper for the collector to add the fee to the sum returned by him. (*Coleman* v. *Shattuck*, 62 N. Y. 363.)

RUGER, Ch. J. · This was an action to recover damages for certain alleged trespasses committed by the ·defendant upon thirty-five acres of land in lot 14 of the gore between Old Military and Refugee tracts in the town of Mooers, Clinton county. The answer denied the complaint and justified the alleged trespasses upon the ground that they were committed upon the lands of one Blake, and by his permission and consent. Upon the trial the plaintiff put in evidence a deed from the comptroller, dated December 18, 1868, purporting to convey the lands in question to one Hubbell, by virtue of a sale thereof to him as non-resident lands for unpaid taxes, in accordance with the provisions of chapter 427 of the Laws of 1855, and several mesne conveyances finally vesting the title acquired by Hubbell, in the plaintiff. He also proved the several acts alleged as trespasses against the defendant. The only defense attempted, was an effort to subvert the plaintiff's title by proof of alleged irregularities in the proceeding, resulting in the comptroller's sale, under which he claimed.

The comptroller's deed upon the sale of non-resident lands for taxes, being made presumptive evidence of the regularity of all proceedings necessary to authorize the comptroller to make such sale, and give such deed (§ 65, chap. 427, Laws of 1855), the burden of proof was thrown upon the defendant of showing, by affirmative evidence, that some material requirement of the statute had been omitted, or defectively performed in the proceedings under which the sale was consummated in order to establish his defense. All presumptions are in favor of the regularity of the proceedings, and in the absence of positive evidence of irregularity, it must be assumed that the necessary requirements were complied with by the several officers having duties to perform in relation to such sales. We have been unable to discover from the evidence any material defect in the proceedings.

We will notice the questions made by the appellant in the order in which they are presented in his brief.

*First.* It is claimed that there was no legal assessment of the lands, and several specifications taken from the collector's returns, to the treasurer are quoted to support the objection. Such a return is not evidence of the contents of the assessment-roll, and as the roll itself was not proven or produced, there is no competent evidence of its contents in the case. We must, therefore, assume that the land was properly assessed as non-resident land by the assessors of Mooers.

*Second.* It is also claimed that the list of lands, chargeable with the payment of taxes and interest required to be transmitted to the county treasurer by the comptroller was defective, inasmuch as it did not state that the lands were so "charged with such tax and interest." This objection is untenable. The statute does not require such a statement to be made. It makes certain lands liable to be sold for taxes and interest, and the comptroller's list states that the lands described were liable to be sold for the taxes therein referred to, and that they would be sold for such taxes and interest. (Laws of 1855, chap. 427, § 34.) This is a sufficient compliance with the statute in respect to the matter referred to, and contains all of the information which such a notice is designed to convey.

*Third.* The objection is also made that the proof of publication, of such notice in the State paper, is defective, inasmuch as it does not show that it was published as required by the statute, for the "space of ten weeks." The proof is that the notice "has been regularly published in said Albany *Evening Journal* once in each week for ten weeks successively, commencing on the 20th July, 1866, and ending 21st September, 1866." This shows that there were ten weekly publications, the last one, made on the 21st day of September, being the first day of the tenth week. This publication covered the whole of the tenth week, as much as any prior publication covered the week intervening between the several publications, and would necessarily complete a publication for the

full period of ten weeks. It has been held that it is .unnecessary to show publication on the same day in every week, when weekly publications are required, but that it is sufficient, if made on any day in each week during which publication is required. (*Steinle* v. *Bell*, 12 Abb. [N. S.] 176; *Ronkendorff* v. *Taylor*, 4 Pet. 361; *Bachelor* v. *Bachelor*, 1 Mass. 255.) The notice in this case was of a sale to take place November 12, 1866. The first publication was made July 20, 1866, a period of one hundred and fifteen days, or upwards of sixteen weeks, before the day of sale appointed in the notice. The rule prescribed by section 425 of the Code of Civil Procedure is that "the time for publication of legal notices shall be computed so as to exclude the first day of publication and include the day on which the act or event of which notice is given is to happen or which completes the full period for publication." The publication in question fully complied with this rule, and the proof showed a compliance with the statute in respect to the terms of publication.

*Fourth.* It is also objected that the return to the county treasurer made by the town collector of unpaid taxes for the year 1858 does not show the amount of tax on the property in question. The paper in evidence which it is claimed is a copy of such return, was obtained from the comptroller and is accompanied by two certificates, each made by the deputy comptroller. Neither certificate states that the paper certified is a copy of the whole original. One states that they are correct extracts from said originals, and contain all therein relating to "lot 14, State gore, Refugee tract," and the other certifies that they "are true copies of said originals in accordance with *the certificates severally subscribed thereto.*" It is not the province of the deputy comptroller to determine what is, or is not, material to a question pending in a legal tribunal. He has power to certify to the correctness of copies of official papers in the comptroller's office so as to make them evidence, but beyond that his certificate has no more effect than the opinion of any other person. From the paper furnished it is impossible for the court to say as matter of law, that it did not conform to the

requirement of the statute. The omitted portions of the return, indicated in the record by asterisks, may have contained all that was necessary to render the return a full and complete statement of the facts required. Assuming, therefore, that the return as proved does not show the amount of the tax, yet the evidence is insufficient to impeach the regularity of the proceedings.

We have examined the other questions raised by the appellant on the trial, but find none of sufficient plausibility to require notice.

The judgment should be affirmed.

All concur.

Judgment affirmed.