(86 App. Div. 359.)

## In re DENTON.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. SURROGATE'S COURTS—CITATION—SERVICE BY PUBLICATION—RETURN—TIME
    Code Civ. Proc. § 2520, providing for personal service of citation, re-
    quires that the same shall be served, if within the county of the surro-
    gate or an adjoining county, at least eight days before the return day.
    Section 2521 provides for substituted service, and sections 2522 and 2523
    authorize service by publication at the discretion of the surrogate, and
    declare that the service shall be by publication in two newspapers, not
    less than once in each of six successive weeks, or, at petitioner's option,
    by delivering a copy of the citation, without the state, to each person
    so named.  Section 2519 provides that a citation must be made return-
    able on a day certain, designated therein, not more than four months
    from the date thereof.  Held, that section 2520, requiring service eight
    days before the return day, applies only to cases where service is per-
    sonally made, and hence a service by publication under section 2524
    was not invalid by reason of the fact that the six weeks' publication
    was not completed eight days before the return day.

Appeal from Special Term, Kings County.

Application by Juliet Denton for the sale of real estate of Henry
E. Valentine, deceased, for the payment of debts.  From an order
denying the application of Amelia M. Valentine to vacate service of
citation and dismiss the proceeding (81 N. Y. Supp. 1031), she ap-
peals.  Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG,
JENKS, and HOOKER, JJ.

George W. McKenzie and George P. Beebe, for appellant.
John J. Sullivan, for respondent.

WOODWARD, J.  The petitioner instituted a proceeding for the
sale of real estate of Henry E. Valentine, deceased, for the payment of
his debts.  Amelia M. Valentine, as an heir at law, appeared specially
for the purpose of raising objection to the sufficiency of the service of
the citation, which was made by publication, pursuant to an order of
the Surrogate's Court.  The publication is conceded to have been
made properly, and for a period of six weeks before the return day,
and the question presented here is whether it was necessary that the
full six weeks' publication should have been completed eight days be-
fore such return day of the citation.  The theory of the appellant is
that, as section 2520 of the Code of Civil Procedure, relating to per-
sonal service of the citation, requires that the same shall be served, if
within the county of the surrogate or an adjoining county, at least
eight days before the return day thereof, it is necessary, where the
service is by publication, that the same should be completed at least
eight days prior to the return day.  As we read section 2520 of the
Code of Civil Procedure, it relates only to the personal service provid-
ed for by that section.  Section 2521 provides for a substituted serv-
ice, and sections 2522 and 2523 provide for a service at the discretion
of the surrogate; and by section 2524, where this discretion is exer-
cised, it is provided that the service shall be by publication in two news-
papers "not less than once in each of six successive weeks; or, at the

option of the petitioner, by delivering a copy of the citation, without the state, to each person so named," etc. By section 2519 of the Code of Civil Procedure it is provided that "a citation must be made returnable upon a day certain, designated therein, not more than four months after the date thereof"; and we are of opinion that there is no justification for reading into section 2524 a requirement that the publication of six weeks should be completed eight days before the return day of the citation. Ample provision is made, not only for the full publication before the return day, but for mailing a copy of the citation, which is to be deposited in the mail, on or before the first publication, properly inclosed and postage prepaid, so that there is every presumption of notice a sufficient length of time in advance to permit of every person being present who has any interest in the proceeding, and to require an additional space of eight days would serve no useful purpose. In the matter of a personal service it is not actually required that the person shall have had eight days' notice; the requirement of the statute is that it shall be delivered to the person to be served, "or by leaving a copy at his residence, or the place where he sojourns, with a person of suitable age and discretion, under such circumstances that the surrogate has good reason to believe that the copy came to his knowledge in time for him to attend at the return day"; and surely, where the party has been notified by mail six weeks in advance, and the notice has been properly published for the full statutory period, it is not to be presumed that the Legislature intended that there should of necessity be eight days between the final publication and the return day. If such had been intended, it would have been a very simple matter to have so provided; and the Legislature not having found it worth while to make such a provision, and there being no obvious necessity for it in preserving the rights of parties, it is not for the court to add to the requirements of the statute. As was said in Karst v. Gane, 136 N. Y. 316, 321, 32 N. E. 1073, 1074, "in recent times courts are less disposed than formerly to depart from or qualify the plain words of a statute in favor of what is termed an 'equitable' construction, in order to take particular cases out of its operation upon some supposed view of policy not indicated in the act itself," and where there are no equitable considerations, it would seem to follow that there should be nothing added to the statute. The exact question does not seem to have been before the courts of this state, but there has been an assumption that, where the particular requirements of the statute had been complied with, there was no occasion for conforming to other provisions of the Code, as in the Matter of the Application of Macaulay, 94 N. Y. 574, 578, and we conclude that the Legislature did not intend to thus interfere with the discretionary power of the surrogate to designate the day on which the return should be made in the case of service by publication. No good reason suggests itself why this should be done, and there is no occasion for a forced construction in this case.

The order appealed from should be affirmed, with costs. All concur.