for, he must remain liable to account. Matter of Camp, 126 N. Y. 377, 389, 27 N. E. 799. And the trust is an express trust. Mitchell v. Mitchell (Appellate Division, First Department) 156 N. Y. Supp. 76.

[12] It remains to consider only the last contention of defendant, which is whether the loss to the estate of the infant was the result of the wrongful diversion of the funds paid to defendant for the equity in his property. To determine this question, it is necessary to refer again to the subsequent dealings of the guardian with the property bought from the defendant. The details of the first exchange have already been set forth. After this there were several exchanges, and finally a foreclosure, which swept away the equity, if any, in the property last acquired as the result of the several exchanges. I think that, notwithstanding the loss to the estate did not become apparent until after the later transactions referred to, the defendant is nevertheless liable. In Suarez v. De Montigny, 1 App. Div. 494, 37 N. Y. Supp. 503, affirmed on opinion below in 153 N. .Y. 678, 48 N. E. 1107, it was held that the purchaser of a mortgage from a trustee without the consent of the beneficiary, which was required by the terms of the trust instrument, was not entitled to foreclose the same, although he had paid full value, and the money received was afterwards misappropriated by the trustee. In the case at bar the purchase of this property was the beginning of a period of unlawful investment. The money was never restored to the infant's estate, but was continuously invested in unauthorized property. Defendant seeks to make a point based on the claim that the premises purchased of him were sold for $2,000 more than was paid for them, and hence no loss could have resulted to the estate from the original purchase. But the fact is shown to be, as previously stated, that the premises were never sold for any price at all, but merely exchanged for other property, the value of which is not proven, and which ultimately ceased to possess any value whatsoever.

Under the circumstances shown by the evidence, I conclude that the plaintiff is entitled to the judgment prayed for, with costs.

---

## In re REED.

(Supreme Court, Appellate Division, Third Department.   January 5, 1916.)

1. ESTOPPEL ⊗━70—EQUITABLE ESTOPPEL—EFFECT.

Where the daughter of the administratrix, to whom her mother's share had been conveyed, failed to assert her interest at the former trial, and after reversal did not demand hearing until the administratrix was denied permission to ·introduce further evidence, she is estopped, the attorney for the administratrix being her own father, to then assert her interest and claim hearing.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 183–187; Dec. Dig. ⊗━70.]

2. APPEAL AND ERROR ⊗━188—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Where, in a proceeding by a creditor to sell land for payment of debts, judgment in his favor was reversed on the administratrix's ap-

⊗━For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

peal, based on the ground that citation to unknown creditors had not been published, the administratrix, on retrial, not having urged before the surrogate the insufficiency of the publication, cannot, on appeal to the Appellate Division, which does not try the case de novo, urge the insufficiency of the publication.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1190–1201; Dec. Dig. ☞188.]

3. EXECUTORS AND ADMINISTRATORS ☞362—SALE OF LAND FOR PAYMENT OF DUES—PUBLICATION—"SIX SUCCESSIVE WEEKS"—"WEEK."

In a proceeding for sale of a decedent's land for payment of debts, the publication of citation to unknown creditors required by Code Civ. Proc. § 2524, to be once in each of "six successive weeks," it is sufficient if the publication be once in each "week," which is the period from Sunday to Saturday, though the intervals between the publications be more than seven days, for section 440, relating to service of summons by publication, does not apply.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1484–1487; Dec. Dig. ☞362. For other definitions, see Words and Phrases, First and Second Series, Week.]

Cochrane, J., dissenting.

Appeal from Surrogate's Court, Warren County.

In the matter of the application of William J. Reed as creditor of Henry M. Bailey, deceased, for permission to sell real estate to pay debts. From a decree of the surrogate, the administratrix and others appeal. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Charles H. Stoddard, of New York City, for appellant.
Beecher S. Clother, of Glens Falls, for respondent.

JOHN M. KELLOGG, P. J. [1] This case is reported in 214 N. Y. 383, 108 N. E. 565, where a decision of the surrogate was reversed upon the ground that citation had not been served upon unknown creditors, and the matter was remitted to the Surrogate's Court "to the end that service of the citation may be made upon the creditors. The proceedings prior to the date of the surrogate's decision may stand, however, in full force and effect as against all parties heretofore served with the citation." The appellants did not enter the judgment upon the remittitur, and the respondent made a motion to compel such entry, and thereupon, on an order to show cause, the administratrix and the heirs, the appellants, asked that the remittitur be amended to permit them to submit further proofs to the surrogate. The Court of Appeals, however, ordered the remittitur filed as made, thereby in substance indicating that it did not intend that the appellants should submit further evidence. Clearly the case was remitted to have the objection cured that the unknown creditors had not been cited. A citation was issued and published accordingly, and upon its return day the administratrix appeared in person and as heir at law, her sister, the other heir at law, also appearing, and asked to put in further evidence upon the merits of the case. The surrogate held that they had been fully heard and the evidence offered covered matters within their knowledge at the time of the first trial, and that a new trial

upon the merits was not contemplated, and refused to hear further evidence upon their part. Mr. Stoddard, who had appeared during the entire proceedings as attorney for his wife as administratrix and as an heir at law, filed an answer for Blanche L. Bechoff, formerly Blanche L. Loomis, their daughter, alleging the same facts which the surrogate had declined to hear on the part of the mother, and he offered a deed from his wife to the daughter, dated June 7, 1910, acknowledged before him, but not recorded, showing that she and not the mother represented the interest in the real estate which came to the mother as heir at law. The attorney did not explain why he had appeared for them other as heir at law, and a half-owner of the real estate sought to be sold, when he knew that that interest belonged to the daughter by the deed acknowledged before him. There was no suggestion that the daughter did not know of the former trial, and of all the proceedings in the case. The surrogate had the right to infer that she did know, when she came into court upon the arms of her father and mother, who had deceived the court if the daughter's position is true, and he was justified in striking out her answer, and assuming that it was another step to protract unnecessarily the litigation. If she had kept silent, knowing that her mother was engaged in the trial before the surrogate and carrying on the appeal as an heir and the owner of a part of the real estate sought to be partitioned, justice required that she should not be heard. The surrogate had the right to assume that such was the fact until an explanation of the peculiar situation was offered.

[2] Upon the appeal to the Court of Appeals, the appellants evidently having raised the question below that the unknown creditors were not cited, the Court of Appeals felt bound to hold that a reversal must follow; that, while it did not affect the parties personally, it was the duty of the administratrix to protect in a way the unknown heirs, and in that respect she had the right to be heard. When the case came before the surrogate for the second hearing, no objection was raised that the citation had not been duly served. The administratrix, so far as she was a representative of the unknown creditors, was either satisfied that there were none or that proper service had been made. She elected not to raise the question, and it was not considered by the surrogate. It was assumed, without question, that service had been made upon all parties, and objection is now raised for the first time upon this appeal that the record does not show that the citation was published for once in each week for six successive weeks, relying upon Market National Bank v. Pacific National Bank, 89 N. Y. 397. No other objection to the regularity of the service of the citation is suggested. That question cannot be raised for the first time upon appeal. This court reviews the decisions of the Surrogate's Court, and does not pass upon questions which were not raised or brought to the consideration of that court. If there were objections which might have been taken, the appellants have waived them, or it will be assumed that the objections were not raised, because, if raised, facts would have been shown to demonstrate that they were without foundation. We cannot litigate the question here for the first time whether the citation was properly served or not; that

was a question which must in the first instance be submitted to the surrogate. The decree of the surrogate recites, referring to the citation issued after the decision of the Court of Appeals, that:

"Said citation having been issued and duly served and published, and I having been attended by counsel and having heard the proofs and allegations of the respective parties, I find and decide as follows."

No exception was taken to the decision that the citation had been duly served and published. The appellants had won the case in the Court of Appeals upon the ground of the improper service of the citation, and their attention would naturally be called to the question whether the second citation was properly served. They were evidently withholding this question from the consideration of the surrogate, hoping to profit thereby on another appeal. Such practice does not meet the approval of the court, is not to be encouraged, and where it is evident that a suitor has concealed from the court a question, he will not be permitted to raise that question upon appeal for the first time after he has been properly defeated upon the questions actually litigated.

[3] While we do not think the question of the publication of the citation is properly before us, we may, however, state: The cases under section 440 of the Code of Civil Procedure, relating to the service of a summons by publication, do not apply here. The requirement there is that the publication shall be "once a week for six successive weeks." Section 2524 of the Code of Civil Procedure, in which we are interested, requires that the service shall be "once in each of six successive weeks." In Steinle v. Bell, 12 Abb. Prac. (N. S.) 172, one publication was Monday, January 6th, the next Saturday, January 18th, leaving an interval of 11 days. It was held, however, that the publication was once in each week. We quote from the opinion:

"A week is a definite period of time, commencing on Sunday and ending on Saturday."

This case was cited with approval in Wood v. Knapp, 100 N. Y. 109, 2 N. E. 632. Within those cases the publication here was properly made. There was a publication in each of six successive calendar weeks. I therefore favor an affirmance.

Decree affirmed, with costs. All concur, except COCHRANE, J., who dissents.