### ARGUED AND DETERMINED IN·

# THE SURROGATES' COURTS

#### OF THE

## STATE OF NEW YORK

### WITH OTHER DECISIONS AFFECTING DECEDENT'S ESTATES

In the Matter of the Application of WILLIAM J. REED, as a
Creditor of HENRY M. BAILEY, Deceased, for Permission to
Sell Real Estate to Pay Debts of Said HENRY M. BAILEY.

WILLIAM J. REED, Respondent, v. FRANCES H. STODDARD, as
Administratrix, etc., of HENRY M. BAILEY, and' Others,
Appellants.

(*Supreme Court, App. Div., Third Dept., January 5, 1916.*)

SURROGATE'S COURT—PROCEEDING FOR PERMISSION TO SELL DECEDENT'S REAL
ESTATE TO PAY DEBTS—REMITTITUR FROM COURT OF APPEALS FOR PURPOSE
OF SERVICE OF CITATION UPON UNKNOWN CREDITORS—WHEN ORIGINAL
ISSUES WILL NOT BE RETRIED—DECEPTION PRACTICED UPON COURT BY WITH-
HOLDING FACTS—APPEAL—ISSUES NOT RAISED BEFORE SURROGATE—SER-
VICE OF CITATION‧BY PUBLICATION.

Where the Court of Appeals reversed a decision of the surrogate in a
proceeding for permission to sell real estate to pay the debts of a decedent
upon the ground that the citation had not been served upon unknown
creditors, and remitted the matter to the Surrogate's Court so that such
service may be made, with a direction that the surrogate's decision shall
remain in full force and effect as against all parties heretofore served,
the heirs of the decedent who appeared at the prior hearing are not
entitled to put in further evidence upon the merits of the case.

Where the original hearing was conducted on the theory that the land
sought to be sold belonged to a certain heir of the decedent, the surro-

gate is justified in striking out a subsequent answer based upon a deed from said heir to her daughter, which answer was drawn by the same attorney, if the daughter was in court at the first hearing and no attempt was made to assert her alleged title, for under the circumstances an attempt had been made to deceive the court, and the second answer may be assumed to have been filed for the purpose of unnecessarily protracting the litigation.

Where, upon the second hearing, no objection was raised that the original citation had not been duly served upon unknown creditors, and it was assumed by all parties that proper service had been made, the question as to the irregularity of said service cannot be raised for the first time upon a subsequent appeal to the Appellate Division.

The Appellate Division on an appeal from the Surrogate's Court will not pass upon questions not raised in or considered by that court.

*It seems,* that decisions made under section 440 of the Code of Civil Procedure, relating to the service of a summons by publication, do not apply to service upon unknown creditors of a citation issued by the Surrogate's Court. Such citation is required to be published once in each of six successive weeks by section 2524 of the Code of Civil Procedure, and service is good where there was a publication in each of six successive calendar weeks.

COCHRANE, J., dissented.

APPEAL by Frances H. Stoddard, as administratrix, and others, from an order of the Surrogate's Court of the county of Warren, entered in the office of said Surrogate's Court on the 16th day of July, 1915, directing a sale of the real property of the deceased to pay the claim of the respondent against the estate of said deceased.

Charles H. Stoddard, for the appellants.

Beecher S. Clother, for the respondent.

KELLOGG, P. J. — This case is reported in 214 New York, 383, where a decision of the surrogate was reversed upon the ground that citation had not been served upon unknown creditors, and the matter was remitted to the Surrogate's Court " to the end that service of the citation may be made upon the creditors. The proceedings prior to the date of the surrogate's

decision may stand, however, in full force and effect as against all parties heretofore served with the citation." The appellants did not enter the judgment upon the remittitur, and the respondent made a motion to compel such entry, and thereupon, on an order to show cause, the administratrix and the heirs, the appellants, asked that the remittitur be amended to permit them to submit further proofs to the surrogate. The Court of Appeals, however, ordered the remittitur filed as made, thereby in substance indicating that it did not intend that the appellants should submit further evidence. Clearly the case was remitted to have the objection cured that the unknown creditors had not been cited. A citation was issued and published accordingly, and, upon its return day, the administratrix appeared in person and as heir at law, her sister, the other heir at law, also appearing, and asked to put in further evidence upon the merits of the case. The surrogate held that they had been fully heard, and the evidence offered covered matters within their knowledge at the time of the first trial, and that a new trial upon the merits was not contemplated, and refused to hear further evidence upon their part. Mr. Stoddard, who had appeared during the entire proceedings as attorney for his wife as administratrix and as an heir at law, filed an answer for Blanche L. Bechoff, formerly Blanche L. Loomis, their daughter, alleging the same facts which the surrogate had declined to hear on the part of the mother, and he offered a deed from his wife to the daughter, dated June 7, 1910, acknowledged before him, but not recorded, showing that she and not the mother represented the interest in the real estate which came to the mother as heir at law. The attorney did not explain why he appeared for the mother as heir at law, and a half owner of the real estate sought to be sold, when he knew that that interest belonged to the daughter by the deed acknowledged before him. There was no suggestion that the daughter did not know of the former trial, and of all the proceedings in the case. The surrogate had the right to infer that she did known when

she came into court upon the arms of her father and mother who had deceived the court if the daughter's position is true, and he was justified in striking out her answer and assuming that it was another step to protract unnecessarily the litigation. If she had kept silent, knowing that her mother was engaged in the trial before the surrogate and carrying on the appeal as an heir and the owner of a part of the real estate sought to be partitioned, justice required that she should not be heard. The surrogate had the right to assume that such was the fact until an explanation of the peculiar situation was offered.

Upon the appeal to the Court of Appeals, the appellants evidently having raised the question below that the unknown creditors were not cited, the Court of Appeals felt bound to hold that a reversal must follow; that while it did not affect the parties personally, it was the duty of the administratrix to protect in a way the unknown heirs, and in that respect she had the right to be heard. When the case came before the surrogate for the second hearing no objection was raised that the citation had not been duly served. The administratrix, so far as she was a representative of the unknown creditors, was either satisfied that there were none or that proper service had been made. She elected not to raise the question, and it was not considred by the surrogate. It was assumed, without question, that service had been made upon all parties, and objection is now raised for the first time upon this appeal that the record does not show that the citation was published once in each week for six successive weeks, relying upon Market National Bank v. Pacific National Bank (89 N. Y. 397). No other objection to the regularity of the service of the citation is suggested. That question cannot be raised for the first time upon appeal. This court reviews the decisions of the Surrogate's Court and does not pass upon questions which were not raised or brought to the consideration of that court. If there were objections which might have been taken, the appellants have waived them, or it will be assumed that the objections were not

raised, because if raised facts would have been shown to demonstrate that they were without foundation. We cannot litigate the question here for the first time whether the citation was properly served or not; that was a question which must in the first instance be submitted to the surrogate. The decision of the surrogate recites, referring to the citation issued after the decision of the Court of Appeals, that "said citation having been issued and duly served and published, and I having been attended by counsel and having heard the proofs and allegations of the respective parties, I find and decide as follows." No exception was taken to the decision that the citation had been duly served and published. The appellants had won the case in the Court of Appeals upon the ground of the improper service of the citation, and their attention would naturally be called to the question whether the second citation was properly served. They were evidently withholding this question from the consideration of the surrogate, hoping to profit thereby on another appeal. Such practice does not meet the approval of the court, is not to be encouraged, and where it is evident that a suitor has concealed from the court a question, he will not be permitted to raise that question upon appeal for the first time after he has been properly defeated upon the questions actually litigated.

While we do not think the question of the publication of the citation is properly before us, we may, however, state: The cases under section 440 of the Code of Civil Procedure, relating to the service of a summons by publication, do not apply here. The requirement there is that the publication shall be "once a week for six successive weeks." Section 2524 of the Code of Civil Procedure (as amd. by Laws of 1899, ch. 606),* in which we are interested, requires that the service shall be "once in each of six successive weeks." In Steinle v. Bell (12 Abb. Pr. [N. S.] 171, 176) one publication was Monday, January sixth,

---

* Now Code Civ. Proc., § 2528 (as amd. by Laws of 1914, ch. 443).—[REP.

the next Saturday, January eighteenth; leaving an interval of eleven days. It was held, however, that the publication was once in each week. We quote from the opinion: " A week is a definite period of time, commencing on Sunday and ending on Saturday." The case was cited with approval in Wood v. Knapp (100 N. Y. 109). Within those cases the publication here was properly made. There was a publication in each of six successive calendar weeks. I, therefore, favor an affirmance.

All concurred, except COCHRANE, J., dissenting.

Decree affirmed, with costs.

---

## NOTE ON SERVICE OF CITATION.

Citation; how served.— A copy of the citation must be delivered to the person served. (Mauran v. Hawley, 2 Dem. 396.)

As to circumstances under which surrogate was held to have good reason to believe that a citation left at the residence of a person came to the knowledge of that person in time to attend at the return day, see Mead v. Miller, 3 Dem. 577.

Time of service.— Service of the citation less than the eight days before the return day gives the court no jurisdiction. (Boerum v. Betts, 1 Dem. 471.)

By a proper construction of this section and 788, the return day specified in a citation may be counted in estimating the eight days required for such a service. (Matter of Carhart, 2 Dem. 627.)

A proposal to cause an infant party and his guardian to be brought into this State, in order to effect a shorter service, will not be approved. (Merrit's Will, 5 Dem. 544.)

Jurisdiction over a nonresident can be obtained only by voluntary appearance, or by service of a citation, as provided by this section. (Sawmill Co. v. Dock, 3 Dem. 55.)

It is not necessary that the publication of a citation should be completed eight days before the return day of the citation. (Matter of Denton, 86 App. Div. 359.)

Time between date of service and return.— Where personal service is made either within or without the State, the requirements of this section as to the number of days which must elapse between the date of service and the return date governs; in case service is made by mail, the time between the mailing of the notice of motion and the return day should be double that required in case of personal service. (Matter of Whitewright [1914], 87 Misc. 534.)

Service upon infant or incompetent.— Where application is made under this section for an order directing delivery of a copy of a citation in behalf of a nonresident incompetent to a person designated, held that, in order to acquire jurisdiction, the citation must also be served upon the nonresident by publication, or delivered to him, as provided by section 2528. (Matter of Cortwright, 3 Dem. 13.)

The only direct grant of authority to a surrogate's court to appoint a guardian *ad litem* for an infant is contained in this section and 2534, which apply exclusively to cases where he has been or is to be cited, or is already a party to a special proceeding. (Matter of Watson, 2 Dem. 642.)

Plaintiffs were appointed administrators after the revocation of letters granted to D. They procured a citation requiring him to account, which was served by leaving at his house, he being at the West. *Held,* to give the surrogate jurisdiction, that his decree was valid as to D. and his sureties. (Harrison v. Clark, 87 N. Y. 572, affg. 20 Hun, 404.)

A variance between a citation and a copy served is curable by amendment where the respondent has appeared. (Pryer v. Clapp, 1 Dem. 387.)

If upon the return day of the citation the petitioner files admission of due service by a nonresident, or he appears in person and makes an objection to the probate, or a waiver of the issuing and service of the citation duly executed and acknowledged by him is presented, due service of the citation upon him is obviated. (Matter of Porter, 1 Misc. Rep. 489.)

The jurisdiction of the surrogate to compel the administrator to account, on a due proceeding, is not lost by the administrator's absconding from the State, or his concealment with intent to avoid the service of the citation, since section 2521 authorizes the surrogate to order a substituted service of process. (Scharmann v. Schoell, 38 App. Div. 528.)

A citation served upon a nonresident executor out of the State to show cause why he should not give new securities, *held*, sufficiently served, as he had originally subjected himself to the jurisdiction of the court. (Stevens v. Stevens, 3 Redf. 507.)

Service upon a nonresident of this State of a citation to attend probate of a will must be by publication for six weeks or at the option of the petitioner by personal service without the State at least thirty days before the return day. (Matter of Porter, 1 Misc. Rep. 489. But see Washburn's Will, 12 Misc. Rep. 242.)

Service by publication of a citation in a surrogate's court is not complete until the expiration of six full weeks from the day of the first publication. (In re Koch's Will, 12 N. Y. Supp. 94.)

The insertion in a citation after its issue by a person other than the clerk of the name of a party to be served prevents the acquirement of jurisdiction over such party by reason of the service thereof. (Boerum v. Betts, 1 Dem. 471.)

The children of a deceased brother of the testator are included in the description in the citation of heirs and next of kin of deceased, whose names and places of residence are unknown, and were therefore duly cited by publication, and are precluded by the order made probating the will from raising any question as to the validity of the provisions of the will or their construction, but not as to the sufficiency of the execution of the will. (Matter of Ellis, 22 St. Rep. 77.)

A citation to an infant under 14, residing in another State, should be directed to be served personally at least thirty days before the return day or by publication. (Merritt's Will, 5 Dem. 544.)

The practice of inserting in citations to infants a clause advising them that, in the event of their not appearing by general guardian, and failing to ask for the appointment of a special guardian will, upon the return of the citation, be appointed by the surrogate — commended. (Price v. Fenn, 3 Dem. 341.)

The return day specified in a citation may be counted in estimating the eight days. Services on the 12th for the 20th is good. (Matter of Carhart, 2 Dem. 627.)

Personal service of a citation to attend the probate of a will made within this State upon a nonresident is void. (Matter of Porter, 1 Misc. Rep. 489.)