In the Matter of the Probate of the Last Will and Testament of NELLIE F. WRIGHT, Deceased.

DAVID J. WRIGHT, Appellant; HARRY OTIS POOLE, as Special Guardian of AUDREY D. ALBERT, an Infant, Respondent.

Fourth Department, May 3, 1918.

Process — service by publication of citation issued by Surrogate's Court — period of publication — statute construed.

Under section 2528 *et seq.* of the Code of Civil Procedure, relating to service by publication of a citation issued by the Surrogate's Court, the citation must be published once a week for four full weeks or twenty-eight days before it is made returnable, excluding the day of first publication.

Hence, where the citation was mailed on February fourteenth and the first publication took place on February fifteenth and the citation was made returnable March eleventh, just twenty-eight days after it was issued, there was not a proper compliance with the statute and the defect is jurisdictional.

DE ANGELIS, J., dissented.

APPEAL by David J. Wright, petitioner, from an order of the Surrogate's Court of the county of Monroe, entered in the office of said Surrogate's Court on the 25th day of March, 1918, holding that the citation herein was not properly served upon an infant party.

*Herbert J. Stull,* for the appellant.

*Harry Otis Poole,* for the respondent.

MERRELL, J.

The facts are, briefly, as follows: On the 11th day of February, 1918, an order of publication was made by

the Surrogate's Court of Monroe county directing the service of the citation in said proceeding upon the above-named infant by publication in two newspapers. The affidavit of service shows that a copy of the citation was duly mailed to said infant and to her father on February 14, 1918. The first publication took place on February 15, 1918. The citation was made returnable on March 11, 1918, just twenty-eight days after it was issued. The first publication and mailing were, however, within twenty-four days of the return day of the citation and four days less than four weeks. Upon the return day of the citation the special guardian raised the objection that the same was not properly served in that twenty-eight days had not expired after the date of the first publication. This is a question that has been often before the courts in various forms and has been raised in many cases in respect to service of a summons by publication and also in respect to substituted service of a citation. The law in respect to the question at hand is not well settled, and there are many conflicting authorities. Section 2528 of the Code provides: " When an order, directing the service of a citation personally without the State, or by publication, is made, if the order authorizes service by publication, it must direct that the citation be served upon the persons named or described in the order, by publication of the citation in two newspapers, therein designated, * * * for such *specified time* as the surrogate deems reasonable, *not less than once in each of four successive weeks,* and by mailing a copy of such citation as provided in section 2529 of this chapter."

The appellant contends that as the citation in question was published four times in successive weeks prior to the return day, such publication is sufficient under the above section.

It is a well-known rule that " a week is a definite period of time, commencing on Sunday and ending on Saturday." (*Steinle* v. *Bell,* 12 Abb. Pr. [N. S.] 171, 176.)

The quotation in question seems to have been taken from Bouvier's Law Dictionary.

In the case last cited, on account of publications being made on different days in successive weeks, a period of eleven days elapsed between two successive publications. The court

held that the publication was sufficient as there was one in each weekly period.

The appellant claims that in the case at bar there was one publication in each of four weekly periods and that, therefore, such publication is sufficient and complies with section 2528 of the Code of Civil Procedure, although twenty-eight days did not elapse between the first publication and the return day of the citation.

The Code of Civil Procedure in respect to surrogate's practice prior to 1914 provided for a publication of six weeks. The amendment of 1914, however, reduced the period to four weeks, so that the question at bar now becomes a very important one. (See Code Civ. Proc. § 2524, as amd. by Laws of 1899, chap. 606; Id. § 2528, as amd. by Laws of 1914, chap. 443.)

If the appellant is right, a citation could be issued, for instance, on the fifth day of a month and made returnable on the twenty-second, and still publications could be made to conform to the rule asserted by the appellant. Taking the above dates, and assuming that the fifth of the month fell upon Saturday, the first publication and mailing of the citation could be made on that day, Saturday the fifth, the next on Saturday the twelfth, the next on Saturday the nineteenth, and the next publication on Monday the twenty-first. The citation being made returnable on the twenty-second, the publication would be complete, if the appellant's contention is correct. It will be seen that by publishing in the manner above stated, such publication would be made in a weekly period between Sunday and Saturday. Six days of the first weekly period would have expired before the first publication took place, and four days of the last weekly period would remain after the return of the citation. So that, excluding the date of the first publication, as required by law (Code Civ. Proc. § 787; Gen. Const. Law [Consol. Laws, chap. 22; Laws of 1909, chap. 27], § 20, as amd. by Laws of 1910, chap. 347), only seventeen days would expire before the return day, and the return day would be one of the seventeen, and of the seventeen days three of them would be Sundays.

The courts have many times passed upon similar questions, the first authority known having an anonymous title and being,

reported in *Anonymous* (1 Wend. 90), and arose in the year 1828. The opinion of the court was written by Mr. Justice WOODWORTH, and the case involved proof of publication. The court said: "The proof of publication was undoubtedly defective. The affidavit might be literally true, and yet only thirty days' notice be given. The statute requires the advertisement or notice to the creditors to show cause to be published for six weeks successively, *that is, during forty-two days*. The fact should be distinctly shown that the requisition of the statute has been complied with."

The affidavit in the above case stated that the notice had been regularly published in the newspapers as directed once in each week for six weeks successively, commencing on a certain day.

A similar question was next raised in 1849 in *Sheldon* v. *Wright* (7 Barb. 39), which case was affirmed in 5 New York, 517. At page 45, Mr. Justice WELLES, writing for the court, says: "The next objection was that the order was not published four weeks successively, prior to the day therein mentioned * * *. The statute (1 R. L. 450, § 23)* in directing the publication of the order, uses the following language, 'which order shall immediately thereafter be published for four weeks successively in two or more of the public newspapers printed in this State.' * * * I have no doubt whatever that it is essential, in order to give the surrogate jurisdiction of the persons of the heirs, that this provision of the statute should be strictly complied with. It is the only process to bring them into court, and without it they are without their day in court. And I think that notice for the full time required by the statute is equally indispensable; that short notice would be as no notice. * * * I think, however, that the proof in this case clearly establishes a compliance with the law in this respect. * * * It is claimed that the notice, so far as one of the papers was concerned, * * * was not published four weeks. * * *. This, as a matter of fact, will be seen, upon a computation of the time, to be true. But I do not understand the act to require the first of the four successive publications to be four weeks before the day of

---

* R. L. of 1813, chap. 79, § 23.—[REP.

showing cause. The requirement is satisfied by four successive weekly publications before the day. That was done in this case."

The *Sheldon* case is one relied on by the appellant.

The next case seems to be that of *Richardson* v. *Bates*. (23 How. Pr. 516), decided in 1861. Objection was made in that case of the entry of judgment and depended upon the length of time which had expired since the first publication of the summons. In that case the court said: "The right to proceed against a defendant by publication of summons is derived from the statute alone, and its provisions must be strictly followed. Section 135 of the Code* provides that the order shall direct the publication for such length of time as may be deemed reasonable, fixing the shortest period at six weeks, and directing that the publication shall be made not less frequently than *once a week*. * * *. That time in this case was six weeks; and although publication was made six times in as many successive weeks in a period less than six weeks or *forty-two days,* the service of the summons *did not become complete* until that time had expired."

The *Sheldon* case was considered in *Olcott* v. *Robinson* (21 N. Y. 150), and the court seems to approve the doctrine therein expressed, but does not refer to *Richardson* v. *Bates*.

*Olcott* v. *Robinson* was followed in *Wood* v. *Morehouse* (45 N. Y. 368), the decision in which case involved the regularity of a published notice of sale. Judge ALLEN, who wrote the opinion, says: "The regularity of the sale was not affected by the fact that the notice of sale was not published for six full weeks, that is, that six full weeks did not intervene between the day of the first publication of the notice and the day fixed for the sale. The statute was complied with by a publication once in each week for six weeks before the sale."

In *Market National Bank* v. *Pacific National Bank* (89 N. Y. 397) the authorities above referred to are considered and the court, after noting the conflict in the decisions, says: " The provisions of the new Code are more definite and specific, and the question as to their construction is an open one.

---

* Code Proc. § 135; now Code Civ. Proc. § 440.— [REP.

Section 440 provides for publication for a *specified time*, not less than once a week for six successive weeks.    The number of weeks is specified and not the number of times.    * ° *   *. It will be perceived that the publication must be made for a *specified period of time*, and when the statute provides for six weeks it is obvious that this period will not elapse *prior to its expiration*.    It does not provide for a publication six times within six weeks, but for a time not less than once a week for six successive weeks.    The publication evidently means rather more than printing the notice.    Its object is to give notice *by means of the newspapers, and it cannot be claimed that such notice is given for six weeks before that time expires*. Looking at the various provisions referred to, it is a reasonable construction that the law intended a full six weeks' publication and not six times in six different weeks.    If it were otherwise the time would *vary and lead to confusion*, and the defendant might not at all times know when it would expire, as the summons need not be published on the same day in each week."

While it has been held that section 440 of the Code does not govern in respect to the publication of a citation, as the practice in Surrogate's Court is laid down in section 2528, still the language of the last-mentioned section is almost identical, and for the purpose of disposing of the question at bar the decisions under section 440 are, I think, pertinent. As there is a definite time for appearance stated in a citation or order to show cause, the appearance must be made on the day stated.    In respect to a summons, twenty days are given after the expiration of the publication.    In this respect the two sections have been distinguished, and as was held in *Matter of Denton* (86 App. Div. 359) no extra time is allowed in Surrogate's Court after the period of publication has expired.    In this respect the two sections have been distinguished, but in respect to the period of publication there does not seem to be any good reason why decisions under section 440 of the Code are not equally applicable to section 2528.

In *Matter of Denton* the court states that the publication was properly made for a period of six weeks before the return day.    While this particular question was not up in the *Denton*

case, still the language of the court seems to show that the court was of the opinion that a citation should be published for the full period of six weeks.

A kindred question was considered by the Court of Appeals in *Wood* v. *Knapp* (100 N. Y. 109). That case is cited by both appellant and respondent, but as the statute (Laws of 1855, chap. 427, § 34) in regard to the notice in that case differed materially from section 2528 of the Code, in that it required the publication for a " space of ten weeks," I do not consider it to be an authority useful in construing the statute now in question.

The last case in which the question of publication seems to have been passed upon is *Matter of Reed* (171 App. Div. 21) which case has been recently reversed in 218 New York, 711. While cited by both appellant and respondent, and referred to in numerous text books, it does not seem to be in itself a decisive authority upon the question before us. It is stated in the opinion in that case that the question of publication of the citation was not properly before the court, and after stating that section 440 of the Code of Civil Procedure does not apply to the publication of a citation, *Steinle* v. *Bell* (*supra*) and *Wood* v. *Knapp* (*supra*) are cited on the general proposition that a week is a definite period of time. As the Court of Appeals has reversed the Appellate Division and has held that the publication of the citation in the *Reed* case was not sufficient in that there was not even an order made directing the publication, it is very plain that that decision is of no importance whatever here.

While the question of due publication is discussed in numerous works on surrogates' practice, all of such works seem to avoid a direct statement of what the law is in respect thereto, except Jessup and Redfield's Law and Practice in Surrogates' Courts, which work treats the subject exhaustively at page 121. In that work the learned authors state: " The Code provides as a minimum time during which the publication must continue ' not less than once in each of four successive weeks.' (Sec. 2528.) And in section 440 the words used are ' not less than once a week for *six* successive weeks.' There is no longer any uncertainty as to just what this means. Under the *six* weeks' rule the publication is not

complete until the expiration of forty-two days from the first publication excluding the first day." (Citing *Richardson* v. *Bates*, 23 How. Pr. 516; *Brod* v. *Heymann*, 3 Abb. Pr. [N. S.] 396; *Matter of Koch*, 19 Civ. Proc. Rep. 165.) " That is, there is required a full six weeks' consecutive publication, and not merely six publications in six different weeks." (Citing *Market National Bank* v. *Pacific National Bank*, 89 N. Y. 397.)

The last-mentioned case seems to be decisive of the question at bar. After quoting from the above case, the authors state further as follows: " Accordingly, if we substitute a *four* weeks' requirement or twenty-eight days, the rule is theoretically as stated in *Matter of Reed*, 171 App. Div. 21." (*Waters* v. *Waters*, 7 Misc. Rep. 519.)

After considering the above authorities I am of the opinion that the Legislature intended that a citation should be published for four full weeks. While a week is undoubtedly a fixed period of time beginning on Sunday and ending on Saturday, still a week consists of seven days, and the Legislature certainly had in mind four weekly units of seven days each. As the law provides that the first day of publication be excluded, it follows that a citation cannot properly be made returnable less than twenty-eight days after the first day of such publication. The question at bar is jurisdictional and a very important one. The passage of the new Surrogates' Law has materially reduced the period of publication, and it is essential that a definite rule be laid down in respect to publication of citations and remove all doubt in respect thereto.

The order appealed from should be affirmed, with costs to the respondent.

All concurred, except DE ANGELIS, J., who dissented.

Order affirmed, with ten dollars costs and disbursements.