JOSEPH A. YOUNG, Respondent, *v.* ELBERT FOWLER, Appellant, Impleaded with Another.

*Publication of a summons — attachment on the ground of non-residence — the affidavit — vacation of an attachment, for laches.*

Although the provisions of the Code of Civil Procedure are open to the construction of requiring seven instead of six publications to make a complete service of summons by publication, the language of the statute is not so imperative as to warrant the court in adopting such a construction, in view of the fact that a different practice has prevailed for so long a time.

The allegation in an affidavit for an order of publication of a summons, that the plaintiff had obtained an attachment in the action on the ground of the defendant's being a non-resident, is not a sufficient allegation of non-residence to confer jurisdiction upon the court to order service by publication on that ground.

The neglect of the plaintiff to perfect judgment within a reasonable time after the issuance of an attachment, furnishes a ground for vacating the attachment.

APPEAL by the defendant, Elbert Fowler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 19th day of September, 1893, denying the defendant's motion to vacate a warrant of attachment.

The contention of the appellant, referred to in the opinion, that it is necessary to publish a summons at least seven times in six weeks, instead of once a week for six successive weeks, was based upon section 440 of the Code of Civil Procedure, which provides for a publication in two papers of not less than once a week for six successive weeks; section 441, which provides that service shall be complete *"upon the day of the last publication;"* section 787, which provides that the time must be computed so as to exclude the

first day of publication and include the last day ; and upon the case of *Market National Bank* v. *Pacific National Bank* (89 N. Y. 397).

*I. N. Miller*, for the appellant.

*B. Scharp*, for the respondent.

VAN BRUNT, P. J. :

The attachment in this action having been granted in September, 1889, on the 29th of August, 1893, a motion was made to vacate the same upon the ground that the defendant had never been served in the action, and the court had never obtained jurisdiction of the defendant, and upon other grounds which it is not necessary to mention here. This motion having been denied, from the order thereupon entered this appeal is taken.

It is claimed that the court never acquired jurisdiction, because there were but six publications of the summons, whereas, under the Code as it now exists, seven publications are necessary in order to make complete service ; and further, because the affidavit on which the order of publication was granted was insufficient.

In respect to the first ground, the construction claimed by the defendant might very well be adopted ; but, in view of the fact that a different practice has prevailed under this provision of the Code for so long a time, this court should not adopt such a construction unless compelled to do so by the imperative language of the statute, and this hardly seems to be the case.

The point that the affidavit upon which the order of publication was granted was insufficient to confer jurisdiction seems to us to be well taken. The order of publication was based upon the supposed fact that the defendant was a non-resident, and that, therefore, the plaintiff had the right to publish the summons as against him. But there was no allegation whatever in the affidavit upon which the order of publication was granted that the defendant was a non-resident. The allegation contained in the affidavit is as follows :

" Deponent further says that upon a summons, verified complaint and affidavit he obtained on the 6th day of September, 1889, a warrant of attachment against the above-named defendant, Elbert Fowler, on the ground of his being a non-resident of the State of

New York, to wit, a resident of the State of New Jersey, at Passaic in said State."

But it did not appear before the court what the papers were upon which the attachment was granted, or whether there was any sufficient proof in these papers that the defendant was a non-resident. And in the affidavit upon which the order of publication was granted, there is a mere recital of something that had taken place in the action, and no averment whatever in regard to the non-residence of the defendant. This clearly was insufficient to confer any jurisdiction upon the court.

The additional allegation that the defendant is of full age and cannot be found with due diligence within this State, and that the plaintiff would be unable with due diligence to make personal service of the summons upon said defendant within this State, did not in any manner supply the defect above mentioned, because this was clearly insufficient to warrant publication unless such absence from the State was with the intent to defraud creditors or to avoid the service of the summons, and there is no pretense in the papers that such was the fact.

It would seem, therefore, that there was no proof whatever by affidavit of the existence of facts justifying the making of the order of publication at the time of the granting of such order.

The order appealed from should be reversed, with ten dollars costs and disbursements and the motion granted, with ten dollars costs.

O'BRIEN, J.:

Unreasonable neglect to proceed is a ground for dismissal of an action. (Code Civ. Proc. § 822.) This section is but expressive of the policy of the law that one should not be permitted to sleep on his rights. Here the attachment was issued in 1889, and since that time plaintiff has done nothing towards perfecting his judgment, though for more than four years he could have done so. This shows gross *laches*, and as plaintiff should not be allowed to tie up property indefinitely, I think upon this, as well as upon the ground assigned by the presiding justice, the attachment should be vacated.

Order reversed, with ten dollars costs and disbursements and the motion granted, with ten dollars costs.