In the Matter of the Probate of the Will of NELLIE F. WRIGHT, Deceased.

DAVID J. WRIGHT, Appellant; AUDREY D. ALBERT, Respondent.

**Surrogates' Courts — citation — service by publication of citation issued by Surrogate's Court — construction and application of statute (Code Civ. Pro. §§ 2528, 2529) requiring publication of citation once a week for four successive weeks.**

Under the statute (Code Civ. Pro. §§ 2528, 2529) providing for the service of a citation of a Surrogate's Court by publication in a designated newspaper, or newspapers, for such time as the surrogate shall deem reasonable, not less than once in four successive weeks, and by depositing a post-paid copy of the citation in a specified post office directed to the person to be served at a place specified

in the order of publication, on or before the first day of publication, there must be a period of at least twenty-eight days between the day of the first publication of the notice and the return day thereof, and where the publication of a citation for the probate of a will issued on the eleventh day of February, and returnable on the eleventh day of March, was not commenced until the twenty-fourth day before the return day thereof and the citation was not mailed until twenty-five days before the return day, such service did not comply with the statute. (*Market National Bank of N. Y.* v. *Pacific National Bank of Boston,* 89 N. Y. 397, approved.)

*Matter of Wright,* 183 App. Div. 266, affirmed.

(Submitted October 3, 1918; decided October 22, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 7, 1918, which affirmed an order of the Monroe County Surrogate's Court refusing probate to an alleged will because of failure to serve a citation therefor upon the heirs at law and next of kin as required by statute.

Nellie F. Wright died on the 7th day of January, 1918, at Rochester, a resident of the county of Monroe, leaving real property not exceeding in value the sum of $2,000, and personal property not exceeding in value the sum of $700, and an instrument purporting to be her last will. She left surviving a husband, the petitioner, but no descendants. She also left surviving a sister and certain nephews and nieces, all non-residents of the state of New York, her only heirs at law and next of kin. The husband filed a petition for the probate of said will and a citation was issued therefor on the 11th day of February, 1918, returnable on the 11th day of March, 1918. An order was made by the surrogate which required the publication of a citation directed to all the said heirs at law and next of kin in a newspaper therein named " Once in each of four successive weeks." The affidavit of publication states that the notice " Was published

in said paper once in each week for four successive weeks commencing with the 15th day of February, 1918, the day of the last publication being the 8th of March, 1918."

On the return day of said citation a special guardian was appointed for one of said heirs at law and next of kin, an infant residing in the state of Washington, and he objected to the probate of the said will upon the ground that the court did not have jurisdiction of the infant represented by him as special guardian. The Surrogate's Court entered an order refusing probate of the will and the Appellate Division has affirmed such order of the Surrogate's Court.

*Herbert J. Stull* for appellant. Publication was had in each of four weeks in the papers designated in the order. This was not only a substantial, but a literal compliance with the requirements of the statute. (*Sheldon* v. *Wright*, 7 Barb. 139; 5 N. Y. 517; *Olcott* v. *Robinson*, 21 N. Y. 154; *Wood* v. *Knapp*, 100 N. Y. 114; *Matter of Council*, 136 N. Y. Supp. 1061; *C. Savings Bank* v. *Lighthall*, 44 Misc. Rep. 501.)

*Harry Otis Poole* for respondent. The infant was not properly served under sections 2528, 2529 of the Code of Civil Procedure. (*Richardson* v. *Bates*, 23 How. Pr. 516; *Estate of Koch*, 19 Civ. Pro. Rep. 165; *Brod* v. *Hoymann*, 3 Abb. Pr. [N. S.] 396; *Market Nat. Bank* v. *Pacific Nat. Bank*, 89 N. Y. 397; *Waters* v. *Waters*, 7 Misc. Rep. 519; *Wood* v. *Knapp*, 100 N. Y. 109.)

CHASE, J. Service of notice as required by statute upon the persons interested in the descent of the real property and the distribution of the personal property of the decedent was essential to give the court jurisdiction to probate the alleged will. Was notice given

as required by the statute? We think not. The parts of sections 2528 and 2529 of the Code of Civil Procedure which provide the notice that shall be given to one not a resident of the state are as follows:

" When an order, directing the service of a citation personally without the state, or by publication, is made, if the order authorizes service by publication, it must direct that the citation be served upon the persons named or described in the order, by publication of the citation in two newspapers, therein designated, unless from the petition or affidavit filed it appears that the estate or fund amounts to less than five thousand dollars, in which case only one newspaper shall be designated, for such specified time as the surrogate deems reasonable, *not less than once in each of four successive weeks,* and by mailing a copy of such citation as provided in section 2529 of this chapter. * * *." (Code of Civil Procedure, section 2528.)

" * * * Service of citation by publication must be made by publication of the citation as prescribed in such order, and by the deposit, on or before the day of the first publication, in a specified post office, of a copy of the citation, contained in a securely closed post paid wrapper, directed to the person to be served, at a place specified in the order, * * *." (Code of Civil Procedure, section 2529.)

The citation in this case and the order on which it was issued were each dated twenty-eight days prior to the return day named in the citation, but the publication thereof was not commenced until the twenty-fourth day before the return day as therein provided. The citation was not mailed as required by section 2529 of the Code of Civil Procedure until twenty-five days before such return day.

Although section 2528 (formerly section 2524) of the Code of Civil Proceedure has been amended from time

to time (Laws of 1918, chapter 309; Laws of 1914, chapter 443; Laws of 1899, chapter 606; Laws of 1881, chapter 664) the particular phrase thereof providing the minimum time for the publication of a citation has not been changed since the enactment of chapter 18 of the Code of Civil Procedure in 1880 except that by the amendment of 1914 the provision directing a publication of not less than once in each of *six* successive weeks was changed to *four* successive weeks.

Prior to 1880 the Revised Statutes provided for a service by publication " in the state paper for six weeks previous to the day appointed for taking the proof." (Revised Statutes, part 2, chapter 6, art. 3, sec. 53.)

Section 440 of the Code of Civil Procedure, relating to an order for service of a summons by publication, provides: " It must direct that service of the summons, upon the defendant named or described in the order, be made by publication thereof in two newspapers, designated in the order as most likely to give notice to the defendant, for a specified time, which the judge deems reasonable, *not less than once a week for six successive weeks* * * *." Section 135 of the Code of Procedure (subsequently section 440 of the Code of Remedial Justice and of the Code of Civil Procedure) provided for publication not less than once a week for six weeks.

A week is properly the time between midnight on Saturday and the same hour on the next succeeding Saturday, but the term is also applied to any period of seven successive days. (Halsbury's Laws of England, vol. 27, page 439.)

Whether the legislature intended by the use of the word " weeks " in said section 2528 specific periods of time between midnight on Saturday and the same hour on the next Saturday or simply any periods of seven successive days without reference to the time when they commence, it must be held that a publication " In each

of four successive weeks " requires a period of twenty-eight days between the day of the first publication of the notice and the return day thereof, or the period for which notice is given, although apparently for four weeks, will be uncertain and in some cases not only materially less than four weeks, but it may in some cases be materially less than in others, as the exact time will depend upon the particular days upon which the publication is made. · More serious proportionate reduction of the apparent time for which notice is to be given would be possible if the minimum time of publication should be reduced to *two* successive weeks.

. This court in 1882 and subsequent to the decisions . in *Sheldon* v. *Wright* (5 N. Y. 497), *Olcott* v. *Robinson* (21 N. Y. 150) and *Wood* v. *Morehouse* (45 N. Y. 368) decided in *Market National Bank of N. Y.* v. *Pacific National Bank of Boston* (89 N. Y. 397) that service of a summons by publication is not complete until the expiration of at least six full weeks from the time of the first publication. In the opinion the court say:

" Section 441 declares that the time shall be complete upon the day of the last publication, and section 787 that the period of publication must be computed so as to include the day ·which completes the *full period of publication*. It will be perceived that the publication must be made for a specified period of time, and when the statute provides for six weeks it is obvious that this period will not elapse prior to its expiration. It does not provide for a publication six times within six weeks, but for a time not less than once a week for six successive . weeks. The publication evidently means rather more than printing the notice. Its object is to give notice by means of the newspapers, and it cannot be claimed that such notice is given for six weeks before that time expires. Looking at the various provisions referred to, it is a reasonable construction that the law intended a

full six weeks' publication and not six times in six different weeks. If it were otherwise the time would vary and lead to confusion, and the defendant might not at all times know when it would expire as the summons need not be published on the same day in each week. (*Steinle* v. *Bell,* 12 Abb. Pr. [N. S.] 171.) In cases where service of process is made by publication it is of no little importance that the time of its expiration should be fixed and certain, and we think that such was the intention of the provisions cited in reference to such service." (p. 400.)

Much that was said by the court in that case applies with equal force in this case. No reason has been suggested except the slight difference in the wording of the statutes for a different rule in computing the time for the service of a citation than is required in computing the time for the service of a summons. Uniformity of rule is desirable and the statutes should have a construction to sustain such uniformity unless a different rule was intended by the legislature. The slight changes in the language of the acts from time to time and the difference existing between them, do not seem to have arisen from a purpose to change or vary the necessity for seven days time elapsing for each week mentioned in the several statutes.

Section 787 of the Code of Civil Procedure provides: " The period of publication of a legal notice, in an action or special proceeding, brought in a court, either of record or not of record, or before a judge of such a court, must be computed, so as to exclude the first day of publication, and include the day, on which the act or event, of which notice is given, is to happen, or which completes the full period of publication."

If the four successive weeks commence on the day of the first publication of the notice they would not expire until twenty-eight days after the day of such

first publication and it may be assumed that the legislature in enacting said section 2528 did so with reference to the provisions of said section 787 and that it intended that persons served by publication should have at least four full weeks' notice of the proceeding to enable the court to obtain jurisdiction to act pursuant thereto.

We approve the language of the court in the *Market National Bank Case* (89 N. Y. 397) and think it generally applicable to the case now before us. A construction of section 2528 that requires twenty-eight days from the day of the first publication is reasonable and conforms to the intention of the legislature as interpreted by the decisions existing at least at the time when the statutes were last amended. It is, so far as we know or have been able to ascertain, in accord with the uniform practice of the Surrogates' Courts of the state and as held and enforced by such courts for many years. (*Estate of Koch*, 19 Civ. Pro. Rep. 165; Jessup-Redfield's Law and Practice in the Surrogates' Courts, 121; Heaton on Procedure and Law of Surrogates' Courts, 140.)

Such a construction will make the minimum time for the publication of a citation uniform in all cases and prevent uncertainty and dispute as to the beginning and ending of the successive weeks and in the computation of the time provided by the statute.

The order of the Appellate Division should be affirmed, with costs.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Order affirmed.