IRENE G. BROOKS, Appellant, *v.* CHARLES W. BROOKS, Defendant.

Second Department, January 28, 1920.

**Process — service of summons by publication in action for divorce — six publications sufficient.**

In an action for divorce a service of summons by publication is sufficient where it appears that the first publication made on Saturday was followed by five other publications each on Saturday of the succeeding week.

Even though the Code of Civil Procedure may be so construed as to require seven publications, in view of the fact that a different practice has prevailed for a long time the court will not adopt such construction.

APPEAL by the plaintiff, Irene G. Brooks, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 9th day of October, 1919, upon the decision of the court after a trial at the Kings County Special Term dismissing the complaint for want of jurisdiction over the defendant.

*Lewis F. Glaser* [*Clarence Loeb* with him on the brief], for the appellant.

No appearance for the defendant.

BLACKMAR, J.:

This is an action for divorce on the ground of adultery. The summons was served by publication and the defendant has not appeared. The trial justice found all the facts in favor of the plaintiff, but dismissed the complaint on the ground that the service of the summons by publication was insufficient to confer upon the court jurisdiction over the defendant.

The first publication was on Saturday, the twenty-sixth of April. Then followed five other publications, each on Saturday of the succeeding week. Consequently, excluding the first publication and including the last, the publications continued for a period of thirty-five days only.

Although there is no brief for the defendant, the principle upon which the learned justice decided is plain. The case of *Market Nat. Bank* v. *Pacific Nat. Bank* (89 N. Y. 397) decides that service by publication under section 440 of the Code of Civil Procedure is not complete until the expiration of at least six full weeks from the time of the first publication. The Code requires the publication to be " for a specified time, which the judge deems reasonable, not less than once a week for six successive weeks." What the Code prescribes is, therefore, the duration of the publication; and it was so held in the case last cited.

Section 441 of the Code of Civil Procedure provides: " For the purpose of reckoning the time within which the defendant must appear or answer, service by publication is complete upon the day of the last publication, pursuant to the order."

The reasoning, therefore, upon which the justice's decision proceeds is that as the service by publication begins with the date of the first publication, must continue six weeks, and is complete upon the day of the last publication, the last publication must be forty-two days after the first. This interpretation of the Code would necessarily require seven publications instead of six.

In *Young* v. *Fowler* (73 Hun, 179), VAN BRUNT, P. J., said: " It is claimed that the court never acquired jurisdiction, because there were but six publications of the summons, whereas, under the Code as it now exists, seven publications are necessary in order to make complete service; and further, because the affidavit on which the order of publication was granted was insufficient. In respect to the first ground, the construction claimed by the defendant might very well be adopted; but, in view of the fact that a different practice has prevailed under this provision of the Code for so long a time, this court should not adopt such a construction unless compelled to do so by the imperative language of the statute, and this hardly seems to be the case."

That decision was made in 1893 and it seems to have been followed in practice, for both Nichols' New York Practice (§ 751) and Rumsey on Practice (Vol. 1 [2d ed.], p. 227), state the law as requiring six publications only.

Under these circumstances, we adopt the conclusion reached by Presiding Justice VAN BRUNT in *Young* v. *Fowler* (*supra*). We, therefore, reverse the judgment and direct judgment for the plaintiff upon the findings made by the trial justice.

JENKS, P. J., RICH, PUTNAM and JAYCOX, JJ., concur.

Judgment reversed, without costs, and judgment directed for the plaintiff upon the findings made by the trial justice.