EDWARD ECKMAN, Respondent, v. KENNETH MELI and Others, Appellants, FRANCIS J. MOYNIHAN and Others, Defendants.— Orders affirmed, with ten dollars costs and disbursements in respect to each order. Memorandum: Inas-much as only sixteen days elapsed from the first publication of the notice of the tax sale to the date of the sale while the applicable local law, assuming its validity, required notice to be published once in each week for three successive weeks, the

notice was defective and the sale invalid. Thus the sale falls and all proceedings following and depending upon the invalid sale fall with it. (*Matter of Wright,* 224 N. Y. 293; *Bamonte* v. *Ocean Beach-Fire Island Co.,* 222 App. Div. 626; affd., 248 N. Y. 642; *Smith* v. *Butler,* 215 App. Div. 361.) The defect was jurisdictional and not subject to validation by the curative act of chapter 98 of the Laws of 1938. (*Cromwell* v. *MacLean,* 123 N. Y. 474; *Dunkum* v. *Maceck Bldg. Corp.,* 256 id. 275; *Meigs* v. *Roberts,* 162 id. 371.) The Statute of Limitations for redemption provided by the Charter of the City of Jamestown is not applicable in view of the jurisdictional defect in the notice for sale. It is not necessary to consider the subordinate allegations in the complaint in respect to fraud, conspiracy and damage. All concur. (The first order denies a motion for dismissal of the complaint on the ground that it did not state facts sufficient to constitute a cause of action; the second order denies a similar motion for dismissal on the ground that the cause of action did not accrue within the time prescribed by law. The action is to compel the performance of an agreement of sale of realty.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.