Maximilian Moss, S.
The validity of service of citation by publication in two newspapers is questioned inasmuch as the publication in each newspaper did not proceed concurrently. Pursuant to the provisions of section 58 of the Surrogate’s Court Act, an order was signed on July 25, 1960 in this probate proceeding, directing service of citation upon nonresident distributees by publication in two newspapers “ once in each of four successive weeks ’ ’ and by mailing a copy of the citation to each of the distributees at his or her residence. The citation was issued on August 5, 1960 and was returnable on September 14, 1960.
The New York Journal-American, one of the designated newspapers, was the first to publish the citation, the initial publication being made on Friday, August 12. The following publications in the Journal-American were made on the same weekday for three additional successive weeks. The New York World-Telegram and Sun, the other newspaper, did not however make its first publication until the following Monday, August 15, with additional publications on August 22, August 29 and September 6. Both newspapers therefore published within four successive weeks from the date of each newspaper’s first respective publication, but their respective initial and final publications were not made within the same weeks. The failure to have all publications made in the same four weeks is claimed to have resulted in invalid service upon the nonresident distributees.
Section 58 of the Surrogate’s Court Act requires that publication be ‘ ‘ not less than once in each of four successive weeks, the first publication to be made at least twenty-eight days before the return day fixed in the citation. ’ ’ Bule 50 of the Buies of Civil Practice applicable to the Supreme Court requires that service of summons by publication must be by publication “not less than once in each of Six successive weeks ”. Bule 51 of the said *292 rules also provides: “ The first publication of a summons in each newspaper designated in the order therefor, must be made within three months after the order is granted. For the purpose of reckoning the time within which the defendant must appear or answer, service by publication is complete on the forty-second day after the day of first publication.” In the Surrogate’s Court there is no requirement that the first publication of a citation be made by a specified time from the grant of an order therefor. Section 53 of the Surrogate’s Court Act does provide, however, that ‘ ‘ A citation must substantially set forth: * * * 3. The time and place when the citation is returnable, which time must not be more than four months after the date thereof”. It therefore appears that there is considerable similarity between the provisions concerning the manner in which the Surrogate’s Court and the Supreme Court acquire jurisdiction by publication of process, and therefore the rules of the latter court will be alluded to for an analogy of reasoning.
Bule 51 of the Buies of Civil Practice is more explicit than section 58 of the Surrogate’s Court Act in that the former expressly provides “ The first publication * * * in each newspaper * * * must be made within three months after the order is granted.” That requirement is necessarily applicable whether process is published in either one or more newspapers. Section 58 of the Surrogate’s Court Act establishes a monetary basis as the determinant in publication — if the ‘ ‘ aggregate value of the shares or interests in the estate or fund of all the persons to be served by publication amounts to less than five thousand dollars ” then publication is required in only one newspaper, otherwise in two newspapers. Section 232 of the Civil Practice Act specifies the actions in which service of summons by publication may be made.
Under rule 51 of the Buies of Civil Practice applicable to the Supreme Court, both newspapers designated in the order could commence publication by making their first publication any time prior to the expiration of three months after the order of publication is granted. The first publication in each newspaper must be followed by additional publications in successive weeks regardless of whether those publications are made concurrently in each newspaper, or if the periods of publication by one newspaper overlap that of the other, provided that the first publication in the paper last to publish was made before the expiration of three months after the grant of the order of publication.
Section 58 of the Surrogate’s Court Act does not specify when the publication shall commence where two newspapers are *293 designated. The only limitation placed upon service of citation by publication is that ‘1 the first publication to be made at least twenty-eight days before the return day fixed in the citation ”. The quoted language is ambiguous and requires interpretation for a literal construction of that provision would make it appear the first publication is the criterion and that the validity of publication in the newspaper first to publish could attach to and make valid later publications in the second newspaper notwithstanding the fact that before the return day of the citation a total of 28 days may not have elapsed between the dates of first and last publication, in the second newspaper. Such a construction is not valid.
In Market Nat. Bank of N. Y. v. Pacific Nat. Bank of Boston (89 N. Y. 397, 400), it was pointed out “ that the period of publication must be computed so as to include the day which completes the full period of publication ”. The full period of publication is complete only when the last paper publishes final notice .required by the order of publication. When that final notice is published, in the case of process issued out of this court, the time of the initial publication in such last newspaper must have been at least 28 days before the return day of the citation. To phrase it differently, jurisdiction is obtained when both papers’ first publication is made at least 28 days before the return day fixed in the citation. That was the evident intent of the Legislature as appears from the revision notes appended to chapter 648 of the Laws of 1953, clarifying the provisions of section 58 of the Surrogate’s Court Act, reading as follows: “ The existing statute does not in terms state when publication must begin in relation to the return day of the citation. The applicable rule has been laid down in court decisions (Matter of Wright, 224 N. Y. 293; Olds v. City of Jamestown, 280 N. Y. 281). Unless there is a period of at least twenty-eight days between the day of first publication of the citation and the return day thereof, the service of the citation is defective anrl a decree entered thereon is open to challenge. The principal purpose of the amendment is to place this fundamental requirment where it will come to the attention of the attorney whose duty it is to arrange adequate publication.”
Implicit in that revision is the requirement that there be a period of at least 28 days between day of first publication in each newspaper (phrase and emphasis supplied) of citation and return day thereof. That construction achieves a measure of uniformity with the procedures in the Supreme Court, a result which is desirable in the absence of an otherwise legislative intent (Matter of Wright, 224 N. Y. 293, 299).
*294 The court observed in Herbert v. Smith (6 Lans. 493, 498) that it was not ‘ ‘ aware of any decision or any provision of the Code requiring the publication in two newspapers to proceed concurrently.” Nor can this court perceive any prejudice to the party served by publication by the first and second insertions occurring at different dates. In that case there was a difference of a month between the initial publications in the two newspapers. Service was held to have been regularly made. Similar holdings were made in Soule v. Chase (1 Abb. Prac. [N. S.] 48); Rigney v. Coles (6 Bosw. 479) and Sheldon v. Wright (5 N. Y. 497). The Rigney v. Coles case involved the publication of a citation in two newspapers, the initial publication by one newspaper was made on July 14,1843, and the initial publication in the other newspaper was made on July 24,1843,10 days later.
The court therefore holds that as the initial publication in each newspaper was made at least 28 days prior to the return day fixed in the citation, and as each newspaper respectively published the citation in four successive weeks, the statute has been complied with and jurisdiction obtained of the nonresident distributees against whom service of citation was made.
The New York World-Telegram and Sun publication of the citation contained a typographical error in the middle name of one of the decedent’s daughters, it being published as iyanova instead of ivanovna. The citation served upon the said distributee and the order of publication contained the correct middle name. Such clerical error is insufficient to vitiate the service (McCully v. Heller, 66 How. Prac. 468) as unimportant and unessential variations not affecting substantial rights of parties are irregularities curable under the general authority of the court to amend a process, pleading or other proceeding in furtherance of justice (Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402, 406, and cases cited).